729 F.2d 507
 4 Soc.Sec.Rep.Ser. 259, Unempl.Ins.Rep. CCH 15,190
Dorothy M. STRITTMATTER, Plaintiff-Appellant,
v.
Richard SCHWEIKER, Secretary of the Department of Health &
Human Services, Defendant-Appellee.
 No. 82-2447.
 United States Court of Appeals,
Seventh Circuit.
 Submitted Nov. 21, 1983.
Decided March 9, 1984.
 
 David R. Sparer, Wilson Street Law Office, Madison, Wis., for plaintiff-appellant.
 John R. Byrnes, U.S. Atty., Jeffrey M. Anderson, Asst. U.S. Atty., Madison, Wis., Steven Plotkin, U.S. Dept. of Health & Human Services, Regional Atty's Office, Chicago, Ill., for defendant-appellee.
 Before CUDAHY, POSNER and FLAUM, Circuit Judges.
 POSNER, Circuit Judge.
 
 
 1
 This is an appeal from a district court judgment upholding the denial of social security disability benefits. The administrative law judge's decision on which the denial was based found that the claimant, Dorothy Strittmatter, was, despite her severe impairments, capable of doing the work she had done in the past. This finding (if supportable) required denial of her claim for disability benefits. 42 U.S.C. Sec. 423(d)(2)(A); 20 C.F.R. Sec. 404.1520; Wallschlaeger v. Schweiker, 705 F.2d 191, 197 (7th Cir.1983). If the finding had been to the contrary, the administrative law judge would have proceeded to apply the "grid" (20 C.F.R. Appendix 2 (Medical-Vocational Guidelines)) described in Cummins v. Schweiker, 670 F.2d 81, 82-83 (7th Cir.1982), to determine whether the claimant was disabled.
 
 
 2
 Mrs. Strittmatter, who is now 59 years old and last worked in 1973 operating a small machine to assemble parts, has a variety of serious medical problems stemming mainly from two conditions--cataracts in both eyes, and scoliosis, the curvature of the spine that makes a person hunchbacked. As a result of her scoliosis (described by uncontradicted medical evidence as "very severe"), she has difficulty turning her neck and torso, continual pain in her back, chest, and shoulder, and some difficulty breathing. And although her cataracts were removed surgically she must wear very thick glasses and her peripheral vision is impaired.
 
 
 3
 After noting that one doctor had said, "I believe this patient, in spite of her scoliosis, could actually do a job, sitting down because her upper extremities are very functional," and after observing that Mrs. Strittmatter "has worked as a machine operator, spotter, divider, solderer, washer, scrubber, plater, and tester," the administrative law judge concluded that "she would have the capability of sedentary work activity. The claimant's former work involved sedentary work activity. Accordingly, the undersigned concludes that the claimant would be able to return to her former job as a machine operator or other assembly jobs she had which were sedentary in nature...." (Record references omitted.) This is the entire relevant portion of the administrative law judge's opinion.
 
 
 4
 There is no dispute that Mrs. Strittmatter's medical impairments, especially when viewed cumulatively, as they should be, 20 C.F.R. Sec. 404.1522; Bittel v. Richardson, 441 F.2d 1193, 1195 (3d Cir.1971), are severe within the meaning of the disability statute and regulations, and therefore satisfy one condition for obtaining disability benefits. Nevertheless, as we have noted, if she is physically capable of doing the type of work she has done in the past (whether or not she could actually find a job today), she cannot be found to be disabled. To determine whether she is physically capable of returning to her former work, the administrative law judge obviously must ascertain the demands of that work in relation to the claimant's present physical capacities, see 20 C.F.R. Sec. 404.1520(e); Mental Health Ass'n v. Heckler, 720 F.2d 965, 968 (8th Cir.1983); Carter v. Heckler, 712 F.2d 137, 140 (5th Cir.1983)--at least where, as in this case, there is evidence that the claimant's impairments are worse today than when she was working.
 
 
 5
 But from the administrative law judge's excessively brief discussion we cannot determine whether he did ascertain the demands of Mrs. Strittmatter's former work and compare them with her present physical capacity. He described that work as "sedentary," and this is literally true since Mrs. Strittmatter did her work sitting down. But sedentary work is not homogeneous with respect to strenuousness. The physical demands placed on a receptionist or a ticket seller are not the same as those placed on a factory worker operating machinery. Although it is possible that some of her factory jobs were as light as sedentary work can be, we are not told what a "spotter," "divider," or "tester" does, and the other jobs listed by the administrative law judge appear to be physically more demanding than sedentary work of a clerical nature. The administrative law judge was required to determine the physical demands of the particular type of sedentary work that this claimant had done and then compare those demands to her present capabilities. Epps v. Harris, 624 F.2d 1267, 1274 (5th Cir.1980). He may have done this; but we cannot tell that from his opinion. Nor is the administrative law judge's finding that Mrs. Strittmatter is physically capable of some sedentary work a permissible alternative ground for his conclusion that she is not disabled. In some circumstances, a person who is physically able to do sedentary work, but not the work he once did, will be deemed disabled. See 20 C.F.R.App. 2, tab. 1.
 
 
 6
 The judgment of the district court must therefore be reversed with directions to remand the case to the Social Security Administration for additional findings on Mrs. Strittmatter's capability of doing her former work. If the Social Security Administration finds that she is not capable of that work, then it should proceed to determine, with the aid of the "grid" (but not limited to it, since she has a visual impairment, which is nonexertional and therefore not covered by the grid, see Cummins v. Schweiker, supra, 670 F.2d at 84), whether she is disabled.
 
 
 7
 REVERSED AND REMANDED.