**Joseph ODLE, Jr., Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

No. 85–5247.

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 3, 1985.

Decided Dec. 17, 1985.

Tamara Todd Cotton, Hardy, Logan and Priddy, Louisville, Ky., for plaintiff-appellant.

Ronald E. Meredith, U.S. Atty., James H. Barr, Louisville, Ky., for defendant-appellee.

Before KENNEDY and KRUPANSKY, Circuit Judges, and BROWN, Senior Circuit Judge.

PER CURIAM.

Plaintiff-appellant, Joseph Odle, Jr., appeals from the District Court order affirming the decision of the Secretary of the Department of Health and Human Services ("the Secretary") denying social security disability insurance benefits. Appellant was born on October 16, 1928, attended but did not complete the eighth grade, and worked as a tractor-trailer driver-dockman for twenty-three years. Appellant initially filed an application for social security disability insurance benefits on October 27, 1982 alleging disability, beginning November 18, 1981, from arthritis and an injury to the tendons of his left hand. The Secretary denied the application initially and again on reconsideration. Appellant requested a hearing before an Administrative Law Judge ("ALJ"). Although the ALJ found that appellant suffered from a severe impairment, the ALJ concluded that given appellant's residual functional capacity and his age, education, and work experience, other jobs existed in significant numbers in the national economy which appellant could perform. Accordingly, the ALJ concluded that appellant was not disabled. The Appeals Council denied appellant's request for review of the ALJ's decision. Appellant brought this action in the United States District Court for the Western District of Kentucky. For the reasons set forth below, we affirm the District Court order granting summary judgment for the Secretary and dismissing the complaint.

On November 18, 1981, appellant injured his left upper extremity while lifting heavy boxes from a pallet to a tractor-trailer. When splinting did not relieve appellant's pain, Dr. Thomas W. Wolff performed exploratory surgery, which revealed extensive synovitis of the left wrist, on December 15, 1981. Dr. Wolff also admitted appellant to the hospital in February 1982 for a series of stellate blocks. Dr. Wolff later prescribed aggressive physical therapy sessions. Appellant underwent another series of stellate blocks in August 1982. In a April 6, 1983 letter, Dr. Wolff stated that appellant has a PIP joint flexion contracture of the index and small fingers on his left hand. The letter concluded: "Mr. Odle does have a permanent disability rating of 45% to the left small finger, 30% to the left index finger, 10.5% left hand, 29.5% left upper extremity and 14.5% total body. He has limited wrist motion due to pain." At the administrative hearing, appellant testified that since the incident he has experienced continuous pain in his left shoulder,

arm, and hand. Appellant stated his hand "tingles all the time."

Dr. Charles R. Taylor, an orthopedic surgeon, stated that since surgery appellant has had limited use of his left wrist. Dr. Taylor reported that appellant retained the maximum capacity to lift and/or carry twenty pounds, that appellant could frequently lift and/or carry ten pounds, stand and/or walk a total of about six hours per eight hour day, sit a total of about six hours per eight hour day, and that appellant could push and pull except with his left hand. Dr. Taylor indicated that appellant could frequently climb, balance, stoop, kneel, crouch, and crawl, and that appellant's medical condition did not limit his reaching, handling, fingering, feeling, seeing, hearing, or speaking. Dr. Winfrey P. Blackburn, a general surgeon, reached almost identically the same conclusions.

Dr. William F. Kelly, a vocational expert, testified at the administrative hearing that appellant could work as a clerk for a self-service station, self-parking lot, or drugstore, or as an unarmed guard or doorkeeper. Dr. Kelly stated that appellant could perform the jobs with one arm. Dr. Taylor concluded that appellant could perform a full range of light work as defined in the Dictionary of Occupational Titles. Dr. Taylor gave machine tending and non-complex clerical work as examples of the types of jobs appellant could perform. Dr. Hugh F. Stallworth reached the same conclusion.

Appellant raises the question whether substantial evidence supports the Secretary's finding that appellant was not disabled. Under 42 U.S.C. § 405(g), "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." The Supreme Court has defined substantial evidence as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 176 (1938). We may

not overturn the Secretary's findings unless this panel determines that substantial evidence does not support those findings. *Kirk v. Secretary*, 667 F.2d 524, 535 (6th Cir.1981), *cert. denied*, 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983). The ALJ's findings of fact became the Secretary's findings when the Appeals Council allowed the ALJ's decision to stand as the final decision of the Secretary.

The Social Security Administration has promulgated 20 C.F.R. § 404.1520 (1985), which establishes a five-step sequential process for evaluating claims for social security disability insurance benefits. Under the first step, the Secretary determines whether a claimant currently engages in substantial gainful activity. If so, the claimant does not qualify as disabled. Second, the Secretary examines the severity of the claimant's impairment or impairments. If the claimant does not have a severe impairment or impairments, the claimant cannot qualify as disabled. Third, the Secretary compares the claimant's impairment or impairments to the "Listing of Impairments" in 20 C.F.R. Part 404, Subpart P, Appendix 1. The Secretary will find the claimant disabled if Appendix 1 lists the claimant's impairment or impairments or if the claimant's impairment or impairments qualify as the medical equivalent of a listed impairment. Fourth, if the claimant's impairment or impairments do not meet or equal a listed impairment, the Secretary next determines whether the claimant can perform the claimant's past work. If so, the claimant does not qualify as disabled. Finally, if the claimant cannot perform past work, the Secretary considers the claimant's residual functional capacity and the transferability of any skills the claimant may possess to determine whether the claimant qualifies as disabled. *Cf. Salmi v. Secretary of Health and Human Services*, 774 F.2d 685, 687–88 (6th Cir.1985) (claim for supplemental security income benefits).

In this case, the ALJ found that appellant has not engaged in substantial gainful activity since November 18, 1981. Al-

though the ALJ also concluded that appellant suffers from a severe left hand and arm impairment, the ALJ found that appellant does not have an impairment or combination of impairments that meets the "Listing of Impairments" or qualifies as the medical equivalent of a listed impairment. The ALJ concluded that appellant could not perform his past relevant work as a truck driver, but determined that appellant could perform a number of other jobs that exist in significant numbers in the national economy. Accordingly, the ALJ decided appellant was not disabled at the fifth and last step of the sequential evaluation process.

■ The loss, or the loss of the use, of an arm or hand is not disabling per se. Cases have held that an individual who has lost or has lost the use of an arm or hand can still engage in substantial gainful activity. *See, e.g., Knott v. Califano,* 559 F.2d 279 (5th Cir.1977); *May v. Gardner,* 362 F.2d 616 (6th Cir.1966). Appellant undisputedly has full use of his right arm and hand. Substantial evidence supports the Secretary's determination that appellant's right hand and arm enable him to perform a number of jobs which exist in substantial numbers in the national economy.

■ Appellant contends that the ALJ improperly discounted the report of Robert Tiell, a vocational psychologist. Appellant submitted Mr. Tiell's report, which stated that, based upon medical reports and findings, appellant's residual physical functioning, and Tiell's experience in job development and placement, "Mr. Odle has experienced a significant occupational loss and for all practical purposes is unable presently to engage in any substantial gainful employment." The ALJ, however, discounted Mr. Tiell's report because Tiell apparently considered appellant's employability based upon his experience in job development and placement as an additional factor in his assessment of appellant's work capacity. The ALJ made a rational interpretation of Mr. Tiell's report. Under 20 C.F.R. § 404.1566(c), the Secretary does not consider employability when determining whether a claimant qualifies as dis-

abled. Rather, when a claimant cannot perform prior work, the Secretary must decide whether, considering the claimant's residual functional capacity and the claimant's age, education, and past work experience, the claimant can perform any other jobs that exist in significant numbers in the national economy. The ALJ concluded that Dr. Kelly was the only one of the two vocational experts who utilized the appropriate standard. Dr. Kelly testified that appellant could work as a clerk in a self-service station, self-parking lot, or drugstore, or as an unarmed guard or doorkeeper. Consequently, substantial evidence supports the Secretary's finding that appellant retained the capacity to perform jobs that exist in significant numbers in the national economy.

Accordingly, we affirm the District Court order granting summary judgment for the Secretary and dismissing appellant's complaint.