Donald C. CHESHIER
Plaintiff–Appellant,

v.

Otis R. BOWEN, Secretary of the Department of Health and Human Services, Defendant–Appellee.

No. 86–3149.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 14, 1987.[*]

Decided Aug. 26, 1987.[**]

---

[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R. App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

[**] This appeal was originally decided by unreported order on August 26, 1987, 828 F.2d 22. *See* Circuit Rule 53. The Court has subsequently decided to issue the decision as an opinion.

Steven R. Jacobs, Indianapolis, Ind., for plaintiff-appellant.

John Daniel Tinder, U.S. Atty., Indianapolis, Ind., Barbara M. King, Asst. Reg. Counsel, Dept. of Health & Human Services, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, WOOD, and MANION, Circuit Judges.

CUMMINGS, Circuit Judge.

Plaintiff-appellant appeals from the denial by defendant Secretary of Health and Human Services (Secretary) of appellant's application for the establishment of a period of disability and for disability and supplemental security benefits as provided for by the Social Security Act, 42 U.S.C. §§ 416(i), 423 and 1381, respectively. For the reasons set forth below, we affirm the district court's order upholding the denial of appellant's claim.

## I.

As is frequently the case in social security benefits appeals, the record in the instant case is not only quite lengthy but is replete with highly technical medical diagnoses, test results and other evidence. Fortunately, the parties have demonstrated ample familiarity with the procedural and factual history of this litigation so that we are confident there is little to be gained by our undertaking to state anew the complex and lengthy medical context out of which this appeal has arisen. Suffice it to say that appellant filed his applications for disability benefits in April 1983, alleging disability since May 5, 1982, as the result of poor circulation in his legs, the implantation of a plastic artery in his right leg and a nervous breakdown precipitated by these and other complications. An administrative law judge (ALJ) found, *inter alia*, that appellant was not "disabled," as that term is defined in the Social Security Act, and that appellant retained the residual functional capacity to return to and to perform his past relevant work as a self-service gasoline station manager.

In declining to review the ALJ's decision, the Secretary adopted the ALJ's denial of appellant's claim as his own decision. Appellant sought and obtained review of his benefits claim in the district court where Judge Barker, concurring in the recommendation of the magistrate to whom the claim had been referred for initial consideration, concluded (i) that appellant failed to demon-

strate that his impairments presumptively entitled him to benefits pursuant to Appendix 1, Listing 4.12,[1] 20 C.F.R. Part 404, Subpart P and (ii) that the required *Strittmatter*[2] comparison of appellant's residual functional capacity vis-à-vis the requirements of his past relevant work was properly performed and indicated that appellant was not, in fact, disabled. This appeal followed appellant's defeat in district court.

## II.

On appeal, appellant attacks the Secretary's denial of his claim on two grounds. First, appellant contends that his medical history demonstrates that his impairments do meet or equal the criteria listed at Appendix 1, Listing 4.12, *supra.* A claimant whose impairments correspond in severity to those listed in Appendix 1 may be found to be disabled without further consideration of other relevant factors. *See* 20 C.F.R. § 404.1520(d). Second, appellant asserts that the ALJ did not adequately perform a comparison between his residual functional capacity and the vocational requirements of his past relevant work as a self-service gasoline station manager. In *Strittmatter v. Schweiker,* 729 F.2d 507, 509 (7th Cir.1984), this court held that ALJs must, as part of a benefit eligibility review, undertake the comparison appellant claims to have been denied.

■ With respect to appellant's argument that the ALJ erroneously found his impairments did not satisfy the criteria set forth in Appendix 1, Listing 4.12, we conclude that by not objecting to the magistrate's finding that the ALJ's decision on this point was not improper, appellant has waived this argument for purposes of appeal. While appellant did file objections to the magistrate's report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C), those objections cannot fairly be construed to have included a specific challenge to the magistrate's conclusion that appellant's impairments fell short of satisfying Listing 4.12. Appellant's failure to raise this issue in his formal objections to the magistrate's recommendation deprived the district court of the initial opportunity to rule on this question and consequently amounts to a waiver of the issue before this Court. *See Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir.1986);[3] *see also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985).

Appellant's second argument on appeal is that the ALJ improperly compared his residual functional capacity with the requirements of his past relevant work and therefore improperly concluded that he was not "disabled" and could return to perform his job as a self-service filling station manager. Once again, the Secretary asserts that appellant should be precluded from raising this issue since it was not raised in appellant's objections to the magistrate's recommendation. Our review of appellant's filed objections indicates that appellant has, albeit in fairly convoluted fashion, sufficiently raised the issue of the adequacy of the mandatory *Strittmatter* comparison; however, we concur in the district court's conclusion that no error was committed by the ALJ in performing such a comparison.

■ The crux of appellant's *Strittmatter* argument seems to be that the ALJ failed properly to perform the comparison both because his characterization of appellant's impairments did not square with appellant's own description of his infirmities and because the ALJ concluded that appellant could return to his past relevant work despite state agency physician assessments that his residual functional capacity left him capable of only "light work." Appel-

---

1. Listing 4.12 provides:
   Chronic venous insufficiency of the lower extremity with incompetency or obstruction of the deep venous return, associated with superficial varicosities, extensive brawny edema, stasis dermatitis, and recurrent or persistent ulceration which is not healed following at least three (3) months of prescribed medical or surgical therapy.

2. *See Strittmatter v. Schweiker,* 729 F.2d 507 (7th Cir.1984), discussed *infra.*

3. Our *Video Views* holding concerning the effect of a failure to object specifically to a magistrate's report and recommendation pre-dated appellant's failure to file the contested objection in the instant case.

lant described the demands of his past work as including: the keeping of records, stocking racks with cases of oil and operating a cash register.[4] The Social Security regulations define "light work" as follows:

> *Light work.* Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b). Appellant contends that the ALJ should have solicited the opinion of a vocational expert before concluding that the demands of appellant's past job were substantially co-extensive with the statutory definition of light work. We disagree. The record evidence supports the proposition that the physical demands of appellant's job as a self-service gas station manager, as described by appellant himself, fall within the bounds of "light work" as defined by the Secretary's regulations.

▆▆▆ The charge that the ALJ incorrectly determined that appellant's characterization of his impairments was not credible also lacks merit. The ALJ specifically found that appellant's testimony was not credible "to the extent that it may be interpreted to mean that there was any continuous period of 12 months when he suffered from pain and other symptoms so severe as to preclude him from returning to his prior work...." An ALJ's determination concerning the credibility of lay witnesses is entitled to considerable weight. *Imani v. Heckler,* 797 F.2d 508, 512 (7th Cir.1986); *Bibbs v. Secretary of Health, Education and Welfare,* 626 F.2d 526, 528 (7th Cir. 1980). Moreover, when the credibility of a witness's testimony concerning subjective complaints, such as pain, is the issue, the Social Security Act requires corroborating objective medical evidence to substantiate such symptoms. *See* 42 U.S.C. § 423(d)(5)(A); *see also Sparks v. Bowen,* 807 F.2d 616, 617–618 (7th Cir.1986). The ALJ recognized appellant's indisputable medical problems but, at the same time, concluded on the basis of all of the evidence before him that his testimony should not be credited as truthful to the extent it asserted that he was "disabled"—i.e., unable for a continuous period of 12 months to perform *any* work. The administrative record supports the ALJ's conclusion and therefore also supports the ALJ's decision to partially discredit appellant's testimony.

Appellant waived his argument concerning his eligibility for benefits under Listing 4.12, Appendix 1 and the ALJ did not commit error in performing the *Strittmatter* comparison; accordingly, the district court's order upholding the Secretary's denial of benefits is

AFFIRMED.

---

**4.** Appellant testified that as the manager of the self-service gas station he sat approximately half the time he was at work each day.