**Gladys HUGHES, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health & Human Services, Defendant.**

No. 87 C 5825.

United States District Court, N.D. Illinois, E.D.

Feb. 22, 1988.

Barry A. Schultz, Schultz & Winick, Evanston, for plaintiff.

Anton R. Valukas, U.S. Atty. by Eileen M. Marutzky, Asst. U.S. Atty., Donna Morros Weinstein, Chief Counsel, Region V, Donna L. Calvert, Asst. Regional Counsel, Dept. of Health & Human Services, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Both plaintiff and defendant in this case have filed motions for summary judgment. For the reasons stated herein, defendant's motion for summary judgment is granted, and plaintiff's motion for summary judgment is denied.

## I. FACTS

Plaintiff Gladys Hughes filed applications for Disabled Widow's Benefits and Supplemental Security Income in 1985 and early 1986. These applications were denied at each administrative level in the Social Security Administration. At a subsequent hearing, an Administrative Law Judge ("ALJ") found that Hughes was not disabled, as defined by the Social Security Act. The ALJ further found that Hughes possessed the residual functional capacity to perform her past job or a wide range of alternative sedentary and light work available in the national economy. Based on these findings, the ALJ affirmed the Social Security Administration's decision to deny benefits to Hughes. On May 15, 1987, the Appeals Council denied Hughes' request for review of the ALJ's decision. Consequently, Hughes brought the present action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final order by the Secretary of Health & Human Services ("the Secretary").

## II. DISCUSSION

To establish her eligibility under the widow's benefits program, Hughes must show that her impairments are equal to, or are the medical equivalent of, an impairment listed in the Listing of Impairments promulgated by the federal government. 20 C.F.R. § 404.1578. To qualify for Supplemental Security Income ("SSI"), Hughes must establish either that her impairment is equal to an impairment in the Listing of Impairments, or that she is incapable, based on her residual functional capacity, of performing her past relevant work or any other work existing in the national economy. 20 C.F.R. § 416.920.

The issue before this court is whether the ALJ erred in finding that Hughes' ailments did not amount to any of the impairments in the Listing of Impairments, and that Hughes is capable of performing available work. In urging reversal of the Secretary's decision, Hughes argues that the ALJ's findings run counter to the manifest weight of the evidence presented at the hearing.

Judicial review in this case is limited to a determination of whether, based on the evidence as a whole, the findings of the Secretary are supported by substantial evidence. *Rhoderick v. Heckler,* 737 F.2d 714 (7th Cir.1984); *Whitney v. Schweiker,* 695 F.2d 784 (7th Cir.1982). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28

L.Ed.2d 842 (1971). After reviewing the record as a whole, this court finds sufficient evidence to support the Secretary's conclusion, and therefore affirms the ALJ's findings.

■ Hughes contends that the ALJ's findings are inconsistent with the record, which consists of both medical evidence and Hughes' own testimony as to her symptoms.[1] The relevant medical evidence shows that in 1986, Hughes' treating physicians diagnosed Hughes as having hypertension and arthritis in the knees. According to these physicians, Hughes' ailments limited her ability to perform work involving lifting and carrying. A "Residual Functional Capacity Assessment," based on documented symptoms, signs, and laboratory findings, indicated that Hughes has the capacity to lift up to 50 pounds on a limited basis, stand or walk for a total of approximately six hours per day, and sit for a total of six hours per day. Furthermore, the 1986 report stated specifically that Hughes was not currently suffering from chest pain, had normal ambulation, and had full range of motion in all her joints.

The ALJ found that the medical evidence did not substantiate a severe disability equivalent to any impairment included in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 4.00. While acknowledging that Hughes suffers from hypertension, the ALJ concluded that the medical evidence did not show a significant cardiovascular impairment. Hughes contends that the ALJ erred in this finding because her hypertensive heart condition equals listing 4.03 in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 4.03. Section 4.03 requires hypertensive disease to be evaluated under section 4.02 (congestive heart failure) or section 4.04 (ischemic heart disease). Hughes claims that she has ischemic heart disease. She bases this assertion on a variety of factors: a medical report stating that her chest pains appeared to be cardiac in origin; her doctor's prescription of medi-

cation that is typically used to treat angina pectoris; and the widespread medical belief that angina pectoris is a direct manifestation of myocardial ischemia, a form of ischemic heart disease.

This court cannot accept Hughes' tenuous claim of impairment. Although every doctor who has examined Hughes has documented her chest pains, not a single physician has diagnosed her condition as ischemic heart disease. In fact, an exercise stress test administered to Hughes specifically ruled out myocardial ischemia. Under the prevailing law, Hughes cannot receive benefits unless medical evidence supports a finding that her pain is disabling. 42 U.S.C. § 423(d)(5)(A); *Nelson v. Secretary of Health & Human Services*, 770 F.2d 682 (7th Cir.1985). In the absence of objective medical evidence to support her claim, the ALJ properly concluded that Hughes' impairments did not equal any impairment in the Listing of Impairments.

■ Hughes also argues that her impairments prevent her from performing any substantial gainful activity, thereby entitling her to SSI benefits. Hughes' previous work as a leather machine operator required that she stand for four hours, sit for four hours, occasionally bend, and never lift. The ALJ, considering the demands of Hughes' past work and her residual functional capacity, found that she was capable of resuming her previous employment. The ALJ also applied the medical-vocational guidelines ("Grid") to Hughes' case, and concluded that she could perform a wide range of light work available in the national economy. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00. The Grid's conclusion finds support in the testimony of Hughes' own treating physician, who reported that Hughes could perform all light work and was limited only in her ability to lift and carry.

Because Hughes' complaints are subjective and there is medical evidence that she can perform light or sedentary work, this court must affirm the ALJ's findings. The ALJ may properly reject subjective com-

---

1. Both parties agree that Hughes has a severe physical impairment. The sole issue before the ALJ was whether her impairment qualified Hughes for federal disability benefits.

plaints unsupported by medical evidence. *Sparks v. Bowen*, 807 F.2d 616 (7th Cir. 1986). Moreover, the ALJ specifically found Hughes' testimony regarding her symptoms and limitations not credible. The ALJ's determination as to credibility is to be given considerable weight. *Cheshier v. Bowen*, 831 F.2d 687 (7th Cir.1987). The ALJ articulated reasons for his findings regarding Hughes' credibility, and this court must defer to such determinations in this case. *See Zblewski v. Schweiker*, 732 F.2d 75 (7th Cir.1984).

### III. CONCLUSION

For the foregoing reasons, this court hereby grants defendant's cross motion for summary judgment, and denies plaintiff's motion for summary judgment.

IT IS SO ORDERED.