**Bennie GRAY, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

No. 87 C 1086.

United States District Court, N.D. Illinois, E.D.

May 20, 1988.

Noel C. Lindenmuth, Anesi, Ozmon, Lewin & Assoc., Chicago, Ill., for plaintiff.

Anton Valukas, U.S. Atty., Thomas P. Walsh, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

The crux of this social security case is the rejection of plaintiff's claim that she can no longer work as a housekeeper. She has impaired vision including incipient cata-

racts. She requires a wide variety of medication to control diabetes and heart problems. She has arthritis. She further testified that she gets dizzy, blacks out and suffers pain upon excretion. The Administrative Law Judge (ALJ) found her testimony to be "not entirely credible." A review of the record shows the medical evidence does not fully support the presence of the subjective symptoms described by plaintiff, *Sparks v. Bowen,* 807 F.2d 616 (7th Cir. 1986), and a reading of her testimony as well as some impeaching material convinces this Court that an ALJ could reasonably believe the plaintiff was substantially overstating her case.

The ALJ was within reason in determining that her visual impairment with corrections was not so severe as to preclude housekeeping and that her other medical conditions did not preclude her past relevant work as a housekeeper. Plaintiff's own description of the work she did justifies the ALJ's conclusions about the nature of housekeeping. It is true that in one case plaintiff had to give assistance to a person of considerable weight, but the ALJ could conclude that one instance of this sort does not establish as a general rule that housekeeping requires lifting weights beyond plaintiff's capacity. Some of the medical assessments, including one from plaintiff's own physician, support the ALJ's conclusion. The ALJ considered all of the evidence, ignored nothing and adequately articulated the facts and the grounds for decision. The "substantial evidence" required to support the ALJ's decision is that quantity of evidence needed to avoid a directed verdict against a party. *Moore v. Director,* 835 F.2d 1219, 1220 (7th Cir.1987). Clearly this standard has been met.

One question may not have been resolved by the ALJ, that is, the ability of the plaintiff to get to the work he found she was capable of performing since she fears using public transportation because of blackouts and has a limited ability to walk distances. Perhaps, in rejecting some of the subjective symptomology, the ALJ believed he was rejecting the claim of ina-

bility to transport oneself. Or, perhaps the plaintiff's own description of her prior work being performed in the building in which she lived led him to believe transportation was not an issue in her case. Perhaps the ALJ believed that transportation was not a question to be considered—the ALJ is to determine "if she is physically capable of doing the type of work she has done in the past (whether or not she could actually find a job today)." *Strittmatter v. Schweiker,* 729 F.2d 507, 509 (7th Cir. 1984). The question of whether plaintiff could find transportation to a job seems to bear on the question of actually finding a job, rather than the question of personal physical capacity to do the job. If this were not so the Secretary would have to consider in each case questions of the availability and suitability of public transportation, car pooling, employer provided transport, walking and taxi or livery service, either by commercial drivers or friends. By custom and practice this is not done, and there is nothing to indicate that Congress wants it done.

Any of these three grounds is adequate to support the result reached by the ALJ and, in light of this Court's view of the relevance of the transportation issue, it doesn't matter which of these grounds, if any, he considered.

The defendant Secretary's motion for summary judgment is granted.