**Jackie SHORT, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. NA 86–219–C.**

United States District Court, S.D. Indiana, New Albany Division.

Dec. 29, 1989.

William E. Smith, III, Hanger, Engebretson & Mayer, Clarksville, Ind., for plaintiff.

Jeffrey L. Hunter, Asst. U.S. Atty., Indianapolis, Ind., for defendant.

## ENTRY

BARKER, District Judge.

The plaintiff, Mr. Jackie Short, seeks review in this court, pursuant to 42 U.S.C. § 405(g), of a determination by the Secretary of Health and Human Services ("Secretary") denying him disability benefits. The plaintiff has exhausted his administrative remedies, and now argues that the Secretary's decision is not supported by substantial evidence. For the reasons set forth below, the court finds that the Secretary's decision is supported by substantial evidence and must be upheld.

### Background

Mr. Short was born on December 3, 1957, and was twenty-eight when the Administrative Law Judge ("ALJ") issued his findings. In June 1980, Mr. Short suffered a gunshot wound to the left upper arm. Subsequently, the arm was amputated a few inches below the shoulder. After the arm was amputated, Mr. Short underwent multiple surgical revisions of the left stump for sinus drainage. The most recent surgical revision occurred in January 1983. Mr. Short received no medical treatment from 1983 to 1985.

In 1985, Dr. Darius Ghazi, a consulting board certified orthopedic surgeon, examined Mr. Short and concluded that he had normal lumbar spine motion, no neurological deficits in the legs, and no impairment of the right hand and upper extremity. Other than the nonusable upper left extremity stump which is scarred and tender with the probable formation of some neuromas, Dr. Ghazi reported no additional abnormalities.

Mr. Short was also examined by Dr. David H. Jones, a family practitioner, who reported on February 5, 1986, that Mr. Short's stump is "very painful and deformed with a large neuroma of the posterior stump, axilla with multiple scars, and draining sinus." Record at 193. Dr. Jones also opined that Mr. Short "is not employable and considering his education and lack of training, I feel he is totaly [sic] disabled." *Id.*

Prior to receiving the gunshot wound, Mr. Short worked primarily as a laborer and forklift driver. Mr. Short was incarcerated from August 1980 until March 6, 1985. While incarcerated, Mr. Short completed high school. He also worked successfully as a telephone solicitor while participating in a work release program directed by the prison.

Mr. Short applied for disability benefits in March 1985. The Social Security Administration denied the plaintiff's application initially in May 1985 and again on reconsideration by physicians and disability examiners in July 1985. At the plaintiff's request, a hearing was held on December 17, 1988. At the hearing, the ALJ heard testimony from the plaintiff and Dr. William F. Kelly, a vocational expert. The ALJ issued a

written decision on February 19, 1986. In his findings, the ALJ found that Mr. Short could not return to his past relevant work. Considering his age, residual functional capacity, education and past work experience, the ALJ concluded that Mr. Short could perform a wide range of sedentary work and that a significant number of such jobs exist in the national economy. The ALJ also found that Mr. Short's allegations of debilitating pain, discomfort, and loss of function were inconsistent with the evidence, and, therefore, were not credible. Thus, concluded the ALJ, Mr. Short did not meet the definition of disability. Benefits were denied.

The Appeals Council denied review of the ALJ's decision on July 10, 1986, thus causing the ALJ's determination to become the final decision of the Secretary. Pursuant to 42 U.S.C. § 405(g), the plaintiff then filed this action to obtain judicial review of the Secretary's final decision that he was not disabled.

## Discussion

### A. Standard of Review

■ In reviewing the final decision of the Secretary under 42 U.S.C. § 405(g), the court must accept as conclusive the findings of fact made by the Secretary if such findings are supported by substantial evidence. *Ray v. Bowen*, 843 F.2d 998, 1001 (7th Cir.1988). Substantial evidence is "that quantum of evidence which 'a reasonable mind might accept as adequate to support a conclusion.'" *Angevine v. Sullivan*, 881 F.2d 519, 521 (7th Cir.1989) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). If the record contains such support, the court must affirm the decision of the Secretary unless he has made an error of law. *Veal v. Bowen*, 833 F.2d 693, 696 (7th Cir.1987). Although the task before the court is not to decide facts anew, reweigh evidence, or substitute its judgment for that of the Secretary, the court will not simply rubber stamp the decision without critically reviewing the evidence as a whole. *Arbogast v. Bowen*, 860 F.2d 1400, 1403 (7th Cir.1988).

■ In considering the record as a whole, the court must look at *all* of the relevant evidence, *Ray*, 843 F.2d at 1001, not just the evidence that supports the ALJ's conclusion. *Id.* at 1002. The court must also consider "whatever in the record fairly detracts from [the] weight" of the ALJ's determination. *Bauzo v. Bowen*, 803 F.2d 917, 923 (7th Cir.1986). Of course, "where conflicting evidence allows reasonable minds to differ," it is for the Secretary, not this court, to resolve the conflict. *Angevine*, 881 F.2d at 521.

### B. Analysis

■ To be eligible for disability benefits, the claimant must establish that he suffers from a disability within the meaning of the Social Security Act. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In determining whether a claimant is disabled under the Act, the factfinder is required to make the following sequential five-step inquiry:

(1) Is the claimant presently unemployed?

(2) Is the claimant's impairment severe?

(3) Does the impairment meet or exceed one of a list of specific impairments?

(4) Is the claimant unable to perform his or her former occupation?

(5) Is the claimant unable to perform any other work within the economy?

*Arbogast*, 860 F.2d at 1403 (summarizing the agency regulations set forth in 20 C.F.R. §§ 404.1520, 416.920). "An affirmative answer leads either to the next step or, in steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled." *Zalewski v. Heckler*, 760 F.2d 160, 162 n. 2 (7th Cir. 1985). The claimant bears the burden of establishing that steps 1 through 4 have

been met. If the claimant has shown that he is unable to perform his former occupation, the burden then shifts to the Secretary to prove that the claimant is nevertheless capable of performing other work; relevant factors to consider in making this determination include the claimant's age, education, and work experience. *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987).

The ALJ reached his decision at step five of the sequential inquiry. It is undisputed that Mr. Short has not engaged in substantial gainful activity, that he has a severe impairment that does not meet the listed impairments and that he cannot return to his former job as a heavy laborer. Therefore, there is no issue as to the first four steps of the evaluation process. The decisive issue in this case is whether the ALJ's finding at step five is supported by substantial evidence.

In the present case, the plaintiff challenges the Secretary's decision that he is not disabled. In his assertion that the decision is not supported by substantial evidence, the plaintiff argues that the ALJ failed to properly consider the report submitted by Dr. Jones concerning the plaintiff's ability to perform gainful activity and the plaintiff's own allegations of severe pain.

### 1. *Plaintiff's Allegation of Severe Pain.*

At the hearing, the plaintiff testified that he suffers constant severe pain at the stump and that he is most comfortable lying down with his stump elevated. The ALJ found that these allegations of pain were not credible. The ALJ determined, "The claimant's allegations of debilitating pain, discomfort and loss of function are inconsistent with his very limited treatment since release from prison in March 1985, stable weight, lack of prescribed pain medication, and daily activities." Record at 15. The plaintiff disputes the ALJ's findings. He claims that the ALJ improperly discredited his allegations of disabling pain when the ALJ concluded that Mr. Short's allegations of constant disabling pain were nei-

ther credible nor supported by the medical evidence.

■ The court finds the plaintiff's arguments unpersuasive. The ALJ's credibility determinations concerning lay witnesses is entitled to great deference by this court. *See Stuckey v. Sullivan*, 881 F.2d 506, 509 (7th Cir.1989); *Cheshier v. Bowen*, 831 F.2d 687, 690 (7th Cir.1987). The court must defer to the ALJ's credibility determination unless it is patently wrong. *Imani v. Heckler*, 797 F.2d 508, 512 (7th Cir.), *cert. denied*, 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986). When the credibility determination at issue involves a witness's subjective complaints of pain, corroborating objective medical evidence is required to support such symptoms. *Stuckey*, 881 F.2d at 508–509; *see also Cheshier*, 831 F.2d at 690 (citing 42 U.S.C. § 423(d)(5)(A)). Evidence of discomfort alone does not establish disability. *Stuckey*, 881 F.2d at 509. In other words, disability requires more than the inability to work without pain. *See Brown v. Bowen*, 801 F.2d 361, 367 (10th Cir.1986).

■ In this case, the ALJ recognized Mr. Short's medical problems; however, he concluded on the basis of all the evidence on the record that Mr. Short's complaint of pain was not credible to the extent that he asserted that he was "disabled"—*i.e.*, unable to do even the minimal exertional demands of sedentary activity. The court further finds that the ALJ's conclusion is supported by the record, specifically the medical evidence. Plaintiff argues that the ALJ improperly discounted Dr. Jones' opinion that plaintiff suffered from severe pain. The record reveals that the ALJ clearly considered the report of Dr. Jones. *See* Record at 13. The ALJ notes in his evaluation of the evidence that Dr. Jones' report is unaccompanied by clinical findings. He also observed that there is no evidence of any medical treatment at all from June 1983 to 1985 and that the plaintiff did not take any pain medication. Further, the record does not reveal that any doctor, including Dr. Jones, prescribed any medication.

The court finds that in view of the facts in the record the ALJ could have reasonably concluded that Mr. Short's pain was not so severe as to be disabling. Therefore, the court finds that the ALJ's credibility determination was not patently erroneous and, thus, must be upheld.

### 2. Substantial Gainful Activity—Dr. Jones' Report.

The Secretary correctly points out that the determinative issue in this case is whether Mr. Short's loss of his left arm renders him incapable of performing any substantial gainful activity. Under current law, the loss of an arm is not disabling *per se*. *Waite v. Bowen*, 819 F.2d 1356, 1359 (7th Cir.1987). Indeed, some courts have found that individuals who have lost an arm or hand or the use of an arm or hand may still be capable of performing substantial gainful activities. *See Odle v. Secretary of Health and Human Services*, 788 F.2d 1158, 1161 (6th Cir.1986); *Knott v. Califano*, 559 F.2d 279 (5th Cir.1977); *Wright v. Gardner*, 403 F.2d 646 (7th Cir. 1968); *Delgado v. Secretary of Health & Human Services*, 586 F.Supp. 188 (S.D.N. Y.1983).

In the case at bar, Dr. William F. Kelly, a vocational expert who testified at the hearing, described many jobs that could be performed by someone such as Mr. Short who only had the use of one arm. Such jobs included employment as a parking lot attendant, sales worker in a small establishment, and telephone information dispatcher. In fact, Mr. Short did work for approximately four months as a telephone solicitor while participating in the prison work release program. The ALJ relied on Dr. Kelly's testimony and found that significant numbers of jobs exist in the economy which Mr. Short is capable of performing, despite the loss of the use of his left arm. This fact, along with the other evidence in the record, persuaded the ALJ that Mr. Short is not disabled.

The plaintiff disputes the ALJ's decision, arguing that the ALJ did not give proper consideration to the conflicting report of Dr. Jones, a family practitioner who examined Mr. Short twice. In his report dated February 5, 1986, Dr. Jones opined that Mr. Short "is not employable and considering his education and lack of training, I feel that he is totally disabled." Record at 193. The plaintiff argues that, as his treating physician, Dr. Jones' opinion is entitled to controlling weight[1] over the speculative statements of consulting physicians.

■ The plaintiffs' argument is unpersuasive for many reasons. First, Dr. Jones' assessment of Mr. Short's medical condition does not differ substantially from that of Dr. Ghazi, the physician upon whom the ALJ relied. In this case, the plaintiff's medical impairment relates to the loss of his left arm. The ALJ found that Mr. Short does not suffer from any other medically determinable impairment. This finding is supported by the report of Dr. Ghazi, the consulting board-certified orthopedic surgeon who examined Mr. Short on April 15, 1988. Dr. Ghazi found that while Mr. Short's left stump was entirely unusable, his right upper extremety was "entirely normal." He noted no other abnormalities. Dr. Jones, a family practitioner who examined Mr. Short twice, noted the medical problems relating to Mr. Short's stump, but did not identify any other maladies. Other consulting physicians did not identify any significant medical problems other than those relating to the loss of Mr. Short's arm. Thus, this court finds that the ALJ's findings regarding Mr. Short's medical condition are supported by substantial evidence.

■ Second, Dr. Jones' opinion that Mr. Short is "unemployable" and "totally disabled" is immaterial. As the Seventh Circuit has noted, in *Garrison v. Heckler*, a statement by a physician that a claimant is disabled is not a medical statement at all. 765 F.2d 710, 713 (7th Cir.1985) (citing 20 C.F.R. § 404.1527).[1] In addition, a consid-

---

**1.** Section 404.1527 provides: "We are responsible for determining whether you are disabled. Therefore, a statement by your physician that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled. We have to review the medical findings

eration of the claimant's "employability" is not relevant because the Secretary does not consider employability when deciding whether an individual is disabled. *See Odle,* 788 F.2d at 1161 (citing 20 C.F.R. § 404.1566(c)).

 The record does not indicate that Dr. Jones was qualified to render an opinion as to the availability of jobs for a person with one arm. It does, however, indicate that the ALJ was aware of Dr. Jones' report. The ALJ noted that Dr. Jones' report was not accompanied by supporting clinical findings. The court finds that because Dr. Jones stepped out of his realm of expertise and expressed an opinion on a vocational issue, the ALJ was entitled to discount this report in favor of other evidence.

Third, even assuming that Dr. Jones' report does constitute valid medical evidence, and it conflicts with other medical evidence in the record, it would not have been unreasonable for the ALJ to give controlling weight to the other medical evidence in the record. Although it is true that greater weight should be given to the opinion of a treating physician in most cases, *Cassiday v. Schweiker,* 663 F.2d 745 (7th Cir.1981), the ALJ is entitled to give consulting physician's opinions greater weight in appropriate situations. *See Stephens v. Heckler,* 766 F.2d 284 (7th Cir. 1985); *see also De Francisco v. Bowen,* 867 F.2d 1040 (7th Cir.1989); *Garrison v. Heckler,* 765 F.2d 710 (7th Cir.1985). In *Stephens,* the Seventh Circuit recognized that the report of a consulting physician may constitute substantial evidence. The court stated, "The regular physician … may lack an appreciation of how one case compares with other related cases. A consulting physician may bring both impartiality and expertise." *Id.* at 289. It also noted

> Experience and knowledge of this case lie on the side of the treating physician, expertise and knowledge of similar cases on the side of the consulting specialist. How these weigh in a particular case is a question for the Secretary's delegate,

and other evidence that support a physician's

subject to the rule that the final decision must be supported by substantial evidence.

*Id.*

In the case at bar, the court finds that this is not a situation where the treating physician has had the benefit of a long term relationship with the patient which is backed by experience and the ability to observe the patient's condition over an extended period of time. In this case, Dr. Jones examined Mr. Short twice, only one more time than Dr. Ghazi, the consulting orthopedic surgeon who examined Mr. Short. In addition, Dr. Ghazi is a board-certified specialist, whereas Dr. Jones is a family practitioner. Further, in contrast to Dr. Jones' brief, unspecific report, the reports of Dr. Ghazi and the DDS reviewing physicians provide detailed facts about plaintiff's medical condition. Under these circumstances, the ALJ was entitled to favor the opinions of the consulting physicians over the views of Dr. Jones.

In sum, the court finds that for the reasons stated above, the ALJ was entitled to disregard Dr. Jones' report and rely on other evidence to determine that Mr. Short was capable of performing substantial gainful activity and, therefore, was not disabled. Accordingly, the ALJ's determination, which was adopted by the Secretary, is supported by substantial evidence.

### Conclusion

The court finds that the Secretary's decision is supported by substantial evidence. Therefore, the plaintiff's motion for summary judgment is DENIED and the Secretary's decision is AFFIRMED.

It is so ORDERED.

statement that you are 'disabled.'"