46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Shirley J. DODD, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-1090.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1994.*
Decided Dec. 23, 1994.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Claimant Shirley J. Dodd appeals from a district court order affirming the Secretary's determination that she was capable of performing her past relevant work, and was, therefore, not disabled, for purposes of her application for disability insurance benefits and supplemental security income. Dodd contends that the decision of the administrative law judge ("ALJ") is inconsistent with our decision in Strittmatter v. Schweiker, 729 F.2d 507 (7th Cir.1984). We agree, and reverse.
 
 BACKGROUND
 
 2
 Dodd filed her application for supplemental security income and disability insurance benefits on August 23, 1990 and September 7, 1990 respectively, alleging disability since December 2, 1987. The Secretary denied Dodd's applications both initially and upon reconsideration. Dodd then requested a hearing before an ALJ. ALJ Robert Dean found that although Dodd suffered severe musculoskeletal impairments, she retained the residual functional capacity to engage in work requiring only light exertion. Because Dodd's past relevant work as an assembler or spot knocker did not require more than light or sedentary exertion, the ALJ further found that Dodd was capable of performing this past relevant work. Accordingly, the ALJ found Dodd not disabled at step 4 of the sequential evaluation process, 20 C.F.R. Sec. 404.1520(e).
 
 
 3
 After the Appeals Council denied Dodd's request for review of the ALJ's decision, Dodd sought judicial review. The district court granted the Secretary's motion for summary judgment, holding that substantial evidence supported the Secretary's decision. Dodd then appealed to this court.
 
 
 4
 Dodd, who was born in 1949, was forty-three years old at the time of the ALJ's decision. She has a high school education and has taken some college courses. Dodd has worked in the past as a general laborer in a factory, serving as spot knocker, acid tank cleaner, tube packager, and assembler. She testified at her hearing that her jobs were generally light exertionally, with only one job requiring her to lift objects weighing up to twenty pounds. She also testified that these jobs generally entailed constant bending and reaching, eight hours of walking and standing. She asserted that the spot knocker job was the only position that allowed her to remain seated. Dodd has not worked since 1987. She claimed that she was unable to perform her past work because she was not strong enough and would be unable to perform the necessary sitting, bending, walking, and lifting.
 
 DISCUSSION
 
 5
 In reviewing the Secretary's decision, this court must consider all of the evidence that was before the ALJ. Luna v. Shalala, 22 F.3d 687, 689 (7th Cir.1994). If we determine that substantial evidence supports the Secretary's finding of "not disabled," the Secretary's decision must be affirmed. Sample v. Shalala, 999 F.2d 1138, 1141 (7th Cir.1993). Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). We may not, however, decide the facts anew, reweigh the evidence, or substitute our own judgment for that of the Secretary. Herron v. Shalala, 19 F.3d 329, 333 (7th Cir.1994).
 
 
 6
 One step in the Secretary's five-step test for determining disability is assessing whether a claimant can perform the demands of her prior job. 20 C.F.R. Secs. 404.1520(e) & 416.920(e).[1] Even if the claimant is unemployed and her disability is severe, the claimant's ability to perform her previous job disqualifies her from receiving disability insurance benefits.
 
 
 7
 Dodd's sole argument on appeal is that ALJ Dean erred by not undertaking a comparison of the physical demands of her past relevant work with her physical capacity at this time. Invoking Strittmatter v. Schweiker, 729 F.2d 507 (7th Cir.1984), Dodd argues that the ALJ failed to perform this comparison before finding that Dodd was physically capable of doing her former work.
 
 
 8
 The claimant in Strittmatter was a fifty-nine year old woman whose past work as a machine operator involved some sedentary activity. Id. at 509. She suffered from cataracts, which required her to wear thick glasses that impaired her peripheral vision, and scoliosis, which limited the range of motion in her neck. The ALJ erroneously concluded that the claimant could return to her past work because (1) her past work was sedentary in nature and (2) she could do some sedentary work. We found this logic flawed because "sedentary work is not homogenous with respect to strenuousness." Id. We held that before an ALJ can conclude that a disability claimant is capable of returning to her former work, the ALJ is "required to determine the physical demands of the particular type of sedentary work that this claimant had done and then compare those demands to her present capabilities." Id. Accordingly, we directed the district court to remand the case to the Secretary for additional findings on the claimant's capability to do her former work. Id.
 
 
 9
 Cases such as Strittmatter and Nolen v. Sullivan, 939 F.2d 516, 518-19 (7th Cir.1991), make clear that an ALJ must do more than merely describe the demands of a claimant's former job in generic terms such as "sedentary," "light," or "medium." Because not all jobs within each of those categories require identical exertional demands, the ALJ must look specifically at the demands of the particular type of work that the claimant formerly performed. "[T]he ALJ must list the specific physical requirements of the previous job and assess, in light of the available evidence, the claimant's ability to perform these tasks." Nolen, 939 F.2d at 518 (citing Strittmatter, 729 F.2d at 509).)[2] No such assessment was undertaken in this case.
 
 
 10
 Here, ALJ Dean's entire discussion of Dodd's former occupation consisted only of the following:
 
 
 11
 A vocational expert appeared and testified at the hearing.... that the claimant's past relevant work did not require more than light or sedentary exertion. Therefore, the claimant has failed to show, and the evidence does not establish, that her past relevant work as an assembler or as a spot knocker required the performance of work-related activities precluded by the above limitations. The claimant has failed to show, and the evidence does not establish, that the claimant's impairments prevent her from performing her past relevant work. Accordingly, the undersigned finds that the claimant was capable of performing her past relevant work....
 
 
 12
 (R. at 16.)
 
 
 13
 As the ALJ had done in Strittmatter, ALJ Dean engaged in faulty logic. ALJ Dean found Dodd capable of performing work not requiring more than light exertion. He then reasoned that because Dodd's former work as an assembler or spot knocker did not require more than light or sedentary exertion, she was capable of performing her former work. Id. However, Strittmatter 's observation that "[s]edentary work is not homogenous with respect to strenuousness" is equally applicable to light work. Strittmatter, 729 F.2d at 509. Like the ALJ in Strittmatter, ALJ Dean did not specifically consider the physical demands of Dodd's previous work as an assembler and spot knocker. As we observed in Strittmatter, the ALJ "may have done this; but we cannot tell that from his opinion." Id. Although Dodd's previous jobs may have been no more strenuous than other jobs classified as light or sedentary, the ALJ never tells us what an assembler or spot knocker does. Absent any discussion about the actual requirements of these former jobs, ALJ Dean could not have made the individualized comparison required under Strittmatter.
 
 
 14
 Contrary to the ALJ's written decision, there is considerable evidence in the record to suggest that Dodd is incapable of performing her past work. For instance, according to a report filed in early 1988 by an occupational therapist to whom Dodd was referred for a work simulation and a functional capacity evaluation, Dodd's loss of bilateral maximum strength prevented her from performing any of her former tasks at the factory.[3] (R. at 363-64.) The ALJ's ruling made no reference to the therapist's report and conclusions. The ALJ's ruling also neglected to mention the pre-hearing determinations made by the Social Security Administration that Dodd's condition prevented her from performing any of her past jobs.[4]
 
 
 15
 In addition, Dodd testified at her hearing that her last position as a general laborer was a "physical job," requiring a lot of lifting, bending, and walking as she worked on a conveyor line or on the machines. (R. at 39.) She added that another former job involved cleaning acid tanks, which required her to lift or handle objects weighing around twenty pounds. With the exception of her work as a spot knocker, Dodd further testified, all of the other jobs required standing, walking, lifting, and bending. (R. at 42.) In response to her attorney's question whether she could return to her former job, Dodd responded that she could not because of chronic fatigue and pain in both her left knee and back. (R. at 43-44.) The ALJ did not address this testimony in his ruling.
 
 
 16
 All this suggests to us that substantial evidence does not support the Secretary's decision that Dodd is still capable of performing her former work. We therefore REVERSE the judgment of the district court and REMAND this case to the Secretary, with directions to secure additional evidence regarding Dodd's capability of performing her past work.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The familiar five-step test to determine whether a claimant is disabled or not requires the ALJ to consider in sequence: (1) whether the claimant is presently unemployed; (2) whether she suffers from a severe impairment; (3) whether the impairment meets or exceeds any of the impairments listed in the regulations that the Secretary acknowledges to be disabling; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing any other work in the national economy. Campbell v. Shalala, 988 F.2d 741, 743 (7th Cir.1993). A negative determination at any step--with the exception of step three--precludes a finding of disability. Wolfe v. Shalala, 997 F.2d 321, 323 (7th Cir.1993). An affirmative finding at step one, two, or four leads to the next step. An affirmative answer at steps three or five results in a finding of disability. Id. The claimant bears the burden of proving disability under the first four steps of the analysis. Young v. Secretary of Health & Human Servs., 957 F.2d 386, 389 (7th Cir.1992)
 
 
 [2]
 Nolen, 939 F.2d at 518, also quotes Social Security Ruling 82-62:
 Past work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work.
 
 
 [3]
 As part of this evaluation, Dodd was seen on at least three occasions and was given a power test on a B.T.E. machine. Dodd's physical therapist submitted the following conclusion and recommendation:
 It is this therapist's opinion that this [patient's] scores demonstrate a valid maximum effort. Therapist feels that data supports also that [patient] is currently unable to [return to work] where she would have to perform any/all job tasks in the factory. [Patient's] simulated perform[ance] and the drastic decrease in bilateral maximum strength pinpoints this. Therapist recommends that [patient] does not [return to work] at present time.
 (R. at 363-64.)
 
 
 [4]
 In denying Dodd's claim for disability benefits, the agency wrote: "We realize your condition keeps you from doing any of your past jobs; however, it does not keep you from doing lighter work." (Ex. 7, Disability Determination Rationale of 1/30/89, R. at 98.) A subsequent denial used identical language. (Ex. 10, Disability Determination Rationale of 10/4/89, R. at 105.)