Jerry L. RHODERICK,
Plaintiff-Appellant,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 83–2326.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 13, 1984.

Decided June 25, 1984.

---

Robert A. Soltis, Perz & McGuire, Chicago, Ill., for plaintiff-appellant.

Richard Lloyd, Asst. U.S. Atty., Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for defendant-appellee.

Before PELL and POSNER, Circuit Judges, and PARSONS, Senior District Judge.[*]

PARSONS, Senior District Judge.

This appeal challenges a decision of Magistrate Meyers of the Southern District of Illinois in which he approved the determina-

---

[*] Honorable James B. Parsons, Senior District Judge for the Northern District of Illinois, Eastern Division, sitting by designation.

tion of the Secretary of Health and Human Services to deny the application of plaintiff-appellant, Jerry L. Rhoderick, for an award of disability insurance benefits under the Social Security Act.[1] Review by the district court is provided for by Section 405(g) of the Act. Appeal to this Court from decisions of district court magistrates is provided for by the Magistrates Act of 1968.[2] We conclude that Magistrate Meyers should be affirmed.

The Appellant Rhoderick is a 42 year old man with a seventh grade education, and a 20 year work history. Beginning on February 3, 1974 he was employed by the Amax Coal Company until on January 22, 1980 he sustained a comminuted fracture of his left knee. Two days later surgery was performed and a Barr bolt was inserted into his knee. After fifteen more days in the hospital he was released to go home on crutches. Then in June of that year he was readmitted to the hospital complaining of pain in his left leg. His condition was diagnosed as thrombophlebitis for which he was treated eventually with Heparin, a blood thinner, and discharged finally on July 22, 1980. Prior to the January injury to his left knee, Rhoderick had experienced various problems with his right leg, including ulcerations and recurrent phlebitis.

■ An individual seeking to establish a claim for disability insurance benefits under the Social Security Act must prove that he is "under a disability." Subsection (d)(1)(A) of the Act defines the term "under a disability" as being unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." Physical or mental impairment is defined in subsection (d)(3) as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Subsection (d)(5) places the burden of proof on the claimant to establish a disability and provides that an "individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require." 42 U.S.C. § 423(d)(1), (3) & (5) (1978). *See Whitney v. Schweiker,* 695 F.2d 784 (7th Cir.1982); *Johnson v. Weinberger,* 525 F.2d 403 (7th Cir.1975). If the claimant meets his burden, the burden then shifts to the Secretary to establish the existence of other work the claimant is able to perform.

■ Judicial review of the Secretary's findings is limited to a determination of whether those findings are supported by substantial evidence based on the record as a whole. *Whitney v. Schweiker,* 695 F.2d 784, 786 (7th Cir.1982); *Schmoll v. Harris,* 636 F.2d 1146, 1149–50 (7th Cir.1980); *Carver v. Harris,* 634 F.2d 363, 364 (7th Cir. 1980). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). *See Whitney v. Schweiker,* 695 F.2d 784, 786 (7th Cir.1982); *Allen v. Weinberger,* 552 F.2d 781, 784 (7th Cir.1977).

Plaintiff, in urging our reversal of the magistrate, argues that the administrative record shows that the Administrative Law Judge was wrong in that he did not consider plaintiff's exertional and non-exertional impairments in combination as directed by regulations applicable to cases like

---

1. 42 U.S.C. §§ 416(i) and 423. Rhoderick applied for disability insurance benefits on September 23, 1980. His application was denied as was a request for reconsideration. Then followed a hearing *de novo,* and on May 21, 1982 the Administrative Law Judge rendered a decision adverse to Rhoderick. By letter dated July 26, 1982, Rhoderick was notified that the Administrative Law Judge's determination had become the final decision of the Secretary. The instant case was then filed and on June 7, 1983, the Magistrate approved the Secretary's determination.

2. 28 U.S.C. § 636(C)(3).

his.[3] However, when we review the opinion of the Administrative Law Judge and the record of what transpired before him, as well as the analysis of it by the magistrate, and assume for the moment, as did the magistrate, that a non-exertional impairment or impairments existed, it becomes clear that the magistrate was correct in finding that the Administrative Law Judge did not fail to consider the combined effect of both types of impairments.

■ Plaintiff's application for benefits was based primarily upon leg impairments due to the fractured knee and to recurrent episodes of thrombophlebitis. All of the medical reports in the administrative record account for the knee injury, but characterize it as not being a disabling impairment.[4] These reports indicate instead that the plaintiff has regained significant mobility in his knee and that any remaining limitation is minimal.

Plaintiff's thrombophlebitis made his recovery from the knee fracture more difficult, but plaintiff presented no evidence to the Administrative Law Judge that he had experienced a flare-up subsequent to December of 1980. Plaintiff's administrative hearing was in February of 1982. At that time none of the medical reports he furnished indicated that his leg conditions had become disabling.

When plaintiff testified before the Administrative Law Judge he alluded to his suffering then from a number of other ailments: back problems, nervousness, high blood pressure, the side effects of alcohol and drug abuse and substantial pain. At the hearing, his own testimony was to the effect that although he could walk only several blocks without resting, standing did not bother him too much and sitting gave him no trouble whatsoever. Now he argues that the Administrative Law Judge failed to consider these more recent and unsubstantiated impairments singly and in combination with his knee and thrombophlebitis, in order to arrive at a finding of disability. But neither the plaintiff's testimony nor any medical evidence of record supports the claim that the cumulative effect of his leg problems and all of these various unrelated complaints caused him to be disabled.

As noted earlier, the claimant must prove that the requirements for eligibility have been met. This Rhoderick did not do. All of the evidence before the Administrative Law Judge, Rhoderick's testimony and the exhibits presented showed his relative youth, his literacy, his wide range of job experience, as well as his substantial recovery from the accident and the ability to control deficiencies resulting from both his accident and his collateral ailments. The evidence demonstrated that within 12 months from his accident he had regained sufficient functional capacity at least to do sedentary work. As the magistrate observed, when the Administrative Law Judge questioned the claimant at length about his current ability to be active he received answers which justified his concluding that Rhoderick was able to perform

3. *See* 20 C.F.R. part 404, Subpart P, Appendix 2, Section 200.00(e)(2). Under this regulation the hearing officer is to consider all of the claimant's impairments, exertional and non-exertional, *singly and in combination.* An exertional impairment is one which impairs the individual's ability to use his or her strength.

4. A medical examination of the plaintiff conducted in March of 1980 found flexion of the knee to be 18 degrees short of normal flexion and extension to be 11 degrees short of full extension. Plaintiff's treating physician, a Dr. Lawrence, examined him in October of 1980 and found the decrease in flexion not to be appreciable and the extension to be full. He found that a previous atrophic appearance of the knee was also improved. His opinion, written in November of 1980, and presented to the Administrative Law Judge, was that plaintiff's knee might give him some pain in the future, but that it was not going to be a bad knee. In December of 1980, the Barr bolt was removed without complications. An examination in October of 1981 by another physician, a Dr. Miller, found that there was increased loss in flexion, but that the total loss of flexion recorded was then only 15 degrees short of full. In none of the reports of the doctors was there any expression that plaintiff's condition was disabling.

sedentary work but that for other reasons he would prefer not to work at all.

The Administrative Law Judge took notice of the fact that opportunities to perform sedentary work exist in the national economy, and made in conformity with the rules the finding that the claimant was not disabled.[5] This administrative finding is commonly referred to as the "grid approach". The use of the "grid approach" by Administrative Law Judges in making their recommendations to the Secretary has been approved expressly by the Supreme Court, *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 1958, 76 L.Ed.2d 66 (1983), and it was the approach accepted in this Circuit prior to the *Heckler v. Campbell* decision; *Wallschlaeger v. Schweiker*, 705 F.2d 191, 196–198 (7th Cir.1983); *Cummins v. Schweiker*, 670 F.2d 81, 82–83 (7th Cir.1982). The magistrate below relied on *Cummins* as well as on an Eighth Circuit and a Fifth Circuit case in coming to his conclusion.

Examining the entire record as it was before the magistrate, we conclude as did the magistrate that the Secretary's determination was supported by substantial evidence. For all the reasons expressed above the judgment of the magistrate is

AFFIRMED.

---

**5.** (20 C.F.R. Rule 200.00(b), Appendix 2, Subpart P.) Subpart P of Part 404 of the regulations addresses the matter of defining disability, explaining the evidence to be considered and directing the hearing officer how to evaluate a disability based on the evidence presented. It contains in its Appendix 2, on medical vocational guidelines, a Table numbered one and entitled *Residual Functional Capacity; Maximum Sustained Work Capability Limited to Sedentary Work as a Result of Severe Medically Determinable Impairment(s)*. On this Table at Rule 201.-24, is located the authority for determining as a matter of administrative fact that the claimant was not disabled.