**Sharon L. CHANDLER, Plaintiff,**

v.

**Otis R. BOWEN, M.D.\*   Secretary of Health and Human Services, Defendant.**

No. IP 84–843–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Oct. 2, 1986.

---

\* Otis R. Bowen succeeded Margaret M. Heckler as Secretary of Health and Human Services on December 13, 1985.  Pursuant to Fed.R.Civ.P. 25(d)(1), Otis R. Bowen should be substituted, therefore, for Margaret M. Heckler as the defendant in this suit.  No further action need be taken to continue the suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Charles D. Hankey, Indianapolis, Ind., for plaintiff.

Carolyn N. Small, Asst. U.S. Atty., Office of the U.S. Atty., Indianapolis, Ind., for defendant.

## JUDGMENT ENTRY

NOLAND, Chief Judge.

This cause is before the Court on the plaintiff's Complaint for judicial review of a final decision of the defendant Secretary of Health and Human Services denying her application for supplemental security income. The Secretary has filed an Answer and a certified copy of the Administrative record and the plaintiff has filed a brief in support of her Complaint, which the Court treats as a motion for summary judgment.

Whereupon the Court, having read and examined such Complaint, Answer, record and brief, and being duly advised, now finds that the decision of the Secretary is supported by substantial evidence and therefore should be affirmed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff's motion for summary judgment is DENIED, that the decision of the Administrative Law Judge and the Secretary's Appeals Council is AFFIRMED and that the plaintiff take nothing by her Complaint.

## MEMORANDUM ENTRY

### Introduction

Plaintiff Sharon Chandler applied for Supplemental Security Income on July 30, 1982. This application was denied originally and on reconsideration, as had been her earlier applications for Supplemental Security Income and for disability insurance benefits. Following a *de novo* review hearing, on January 31, 1984 an Administrative Law Judge (ALJ) found that the plaintiff had severe hypertension and obesity, that she had the residual functional capacity to perform the full range of light work, that application of Rule 202.16, Table No. 2 of Appendix 2, Subpart P, Regulation No. 4 ("the grid") directed a conclusion that, considering her residual functional capacity, age, education and work experience, she was not disabled or under a "disability" as defined in the Social Security Act. The Secretary's Appeals Council found no basis on which to review the decision of the ALJ, *see* 20 C.F.R. 416.1470, and this action for judicial review followed, in which the plaintiff alleges that the decision of the ALJ is not supported by substantial evidence.

### Standard of Review

To qualify for Supplemental Security Income benefits a claimant must establish that a medically determinable physical or mental impairment prevents her from engaging in substantial gainful activity and that the impairment is expected to result in death or to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A). The impairment must result from abnormalities which are demonstrable by medically acceptable clinical or laboratory diagnostic techniques. 42 U.S.C. § 1382c(a)(3)(C). Once a claimant demonstrates her inability to return to her past work because of medical disability, the burden shifts to the Secretary to show the claimant can perform other substantial gainful work, considering her age, education and work experience. *Jones v. Heckler*, 760 F.2d 993 (9th Cir.1985).

Judicial review of the Secretary's findings is limited to a determination of whether those findings are supported by substantial evidence based on the record as a whole. Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir.1984). If the record contains such support we must affirm unless there has been an error of law. *Gar-*

*field v. Schweiker*, 732 F.2d 605, 607 (7th Cir.1984).

### Discussion

■ A review of the administrative record reveals that the ALJ adequately addressed the evidence before him and articulated his assessment of the evidence. *Zblewski v. Schweiker*, 732 F.2d 75 (7th Cir.1984). Thus, the ALJ noted the plaintiff's age (30 years old at the time of the application filed on July 30, 1982), her limited work experience, her education through the ninth grade, her limited ability to read and to write and her own testimony regarding her symptoms and restrictions on her ability to do such things as walk and sit. In addition, the ALJ noted and credited the medical evidence that the plaintiff had a severe impairment in the nature of hypertension and early congestive heart failure. However, the record is replete with indications that the plaintiff failed to keep appointments with medical personnel and was chronically noncompliant with her medication. The record does not support the contention that these conditions have rendered the plaintiff disabled within the meaning of the Social Security Act.

■ For example, in a report dated December 11, 1980 Dr. Lawrence E. Gershon opined:

The patient's major problem is to bring her high blood pressure under control. Certainly sedentary or occupations requiring light physical activity are not contra-indicated.

"Light work," which is what the ALJ found the plaintiff capable of performing, "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." It further requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. 20 C.F.R. 404.1567(b). With respect to whether the ALJ was justified in finding the plaintiff capable of performing "light work" despite her treating physician's statement that she "is totally unable to work due to malignant hyperten-

sion, hypertensive cardiovascular disease and anginal chest pain" this statement, completely unsupported by clinical data or findings, is not entitled to controlling weight in light of the conflicting medical evidence regarding the effect of these impairments on the plaintiff. *Stephens v. Heckler*, 766 F.2d 284, 288–89 (7th Cir. 1985).

■ The plaintiff next argues vigorously, with regard to a mental impairment, that the ALJ erred in choosing to credit the opinion of Dr. Strang, a psychiatrist, rather than the opinion of a psychologist and the conclusory opinions of various consulting and treating physicians. The resolution of this conflict, however, is within the province of the Secretary, and so long as it is supported by substantial evidence in the record, must be affirmed by a reviewing court. *Stephens v. Heckler*, 766 F.2d 284, 289 (7th Cir.1985); *Strunk v. Heckler*, 732 F.2d 1357, 1364 (7th Cir.1984).

■ The plaintiff also contends that the ALJ erred by failing to consider her impairments in combination. Although we agree that this is required, *Johnson v. Heckler*, 769 F.2d 1202, 1213–14 (7th Cir.1985); *Strittmatter v. Schweiker*, 729 F.2d 507, 509 (7th Cir.1984), we disagree with the plaintiff's claim as to whether such consideration was given in her case. Rather, in his decision the ALJ acknowledged the requirement of 20 C.F.R. 416.945 that if an individual suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. He then concluded, after discussing the evidence, that her non-exertional impairment (her alleged mental disorder) was not sufficiently severe to affect her ability to engage in basic work activities. Indeed, Dr. Strang, whose report the ALJ found more credible than those which with it conflicted, felt that no psychiatric diagnosis was warranted. These findings demonstrate that to the extent warranted, the plaintiff's impairments were considered in combination.

Finally, the plaintiff claims that it was error for the ALJ to rely solely on the medical-vocational guidelines ("the grid"). She asserts that use of the grid alone was improper because of her non-exertional impairment. Such generalization is overbroad. Rather, "[w]here the evidence supports it, an ALJ is permitted to conclude that a non-exertional limitation, while present, has no significant impact on a claimant's capacity to perform the range of work the individual is otherwise exertionally capable of performing, and that the Guidelines therefore apply." *Smith v. Schweiker*, 735 F.2d 267, 272 n. 3 (7th Cir.1984). This is precisely the situation in the plaintiff's case, where the ALJ made his finding—which we have previously found to be supported by substantial evidence—that the plaintiff's non-exertional impairment was not sufficiently severe to affect her ability to engage in basic work activities. Accordingly, there was no error in the use of the grid. *Id.; Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir.1982).

For all of the above reasons the Court finds that the decision of the Secretary is supported by substantial evidence, that there was no error of law and that such decision must therefore be affirmed.