**Richard BENDA, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary, U.S. Department of Health and Human Services, Defendant.**

No. 87 C 8793.

United States District Court, N.D. Illinois, E.D.

May 4, 1988.

Louisa P. Seston, Patricia Mendoza, Cook County Legal Assistance Foundation, Inc., Oak Park, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. by Linda A. Wawzenski, Asst. U.S. Atty., Civ. Div., U.S. Dept. of Justice, Donna Morros Weinstein, Chief Counsel, Region V by Felisia A. Wesson, Asst. Regional Counsel, Dept. of Health & Human Services, Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

Plaintiff Richard Benda, who has applied for Supplemental Security Income ("SSI"), claims that an Administrative Law Judge ("ALJ") wrongfully denied him benefits by not properly evaluating his claim of mental impairment. This court disagrees,

and grants the Government's motion for summary judgment.

To establish his eligibility for benefits based on his somatoform disorder, Benda must show that his disability has resulted in at least three of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; deficiencies of concentration, persistence, or pace; and repeated episodes of deterioration or decompensation in work settings. 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.07(B). The ALJ found that Benda demonstrates none of these four tendencies. For this conclusion to survive judicial scrutiny, the record must contain substantial evidence to support the ALJ's findings. *Rhoderick v. Heckler,* 737 F.2d 714 (7th Cir.1984). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

 Applying this standard of review, this court sees no reason to disturb the ALJ's denial of benefits. The record clearly indicates that Benda's disorder has not seriously disrupted his daily life and social interaction. Benda is relatively well groomed, does his own housecleaning, occasionally cooks for himself, and volunteers to do housekeeping chores for his neighbors. Two examining psychiatrists concluded that he would have no trouble relating to supervisors and coworkers. The record also supports the ALJ's finding that Benda's disorder will not have a severely adverse effect on his job performance. The examining psychiatrists found that despite his low I.Q., Benda could understand and follow simple instructions. His previous job-related problems primarily arose from his alcoholism, which is now in remission. Benda argues that the ALJ did not properly assess the psychiatrists' finding that he was susceptible to on-the-job stress. The psychiatrists, however, merely concluded that Benda "might" experience difficulty with job-related stress. This is hardly convincing evidence that Benda suffers from a compensable disability.

Benda also contends that the ALJ failed to evaluate his disability as an anxiety disorder under 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.06. Application of this provision, however, would not alter the ALJ's conclusion. To qualify for benefits under § 12.06, Benda would have to establish the existence of two of the same four factors that the ALJ has already found to be absent. *See id.* § 12.06(B). Otherwise, Benda would have to show a complete inability to function independently outside his home—a finding clearly contradicted by the record. *See id.* § 12.06(C).

The record in this case contains substantial evidence to support the ALJ's denial of benefits. Although his condition may well hinder his job performance, Benda has failed to establish an entitlement to SSI under the terms of the relevant statute. Therefore, this court grants the Government's motion for summary judgment.