Virgilio **RODRIGUEZ**, Plaintiff,

v.

Louis W. **SULLIVAN**, M.D.,* Secretary of Health and Human Services, Defendant.

No. 87 C 878.

United States District Court, N.D. Illinois, E.D.

Oct. 29, 1990.

defendant in this lawsuit. *See* 42 U.S.C. § 405(g); Fed.R.Civ.P. 25(d)(1).

186

Mark D. Olson, Holleb & Coff, Chicago, Ill., for plaintiff.

Fred L. Foreman, U.S. Atty. by Linda A. Wawzenski, Asst. U.S. Atty., Donna Morros Weinstein, Chief Counsel, Region V by Gary A. Sultz, Asst. Regional Counsel, Dept. of Health and Human Services, Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

Plaintiff Virgilio Rodriguez seeks disability insurance benefits and supplemental security income under the applicable provisions of the Social Security Act. Rodriguez' claim for benefits has already been denied by an administrative law judge ("ALJ") and the Appeals Council of the Department of Health and Human Services. Rodriguez now appeals to this court. Both Rodriguez and the Secretary of Health and Human Services ("Secretary") have moved for summary judgment. For the reasons stated herein, the court grants the Secretary's motion for summary judgment and denies Rodriguez' motion for summary judgment.

Rodriguez' claim for benefits stems from a work-related back injury that he incurred in 1984. Rodriguez has not engaged in any substantial gainful employment since that time. While recognizing that Rodriguez has severe back herniation, the ALJ concluded that this impairment does not preclude Rodriguez from carrying on his past work as a security guard and a pool inspector. The Appeals Council rejected the ALJ's conclusion that Rodriguez had the capacity to perform his past work; yet, the Appeals Council determined that Rodriguez was not disabled because he had the ability to perform a full range of sedentary work available in the national economy.[1] In reaching its decision, the Appeals Council concluded that the pain and weakness allegedly suffered by Rodriguez was not of sufficient intensity or duration to prevent Rodriguez from performing sedentary work.

To withstand judicial review, the decision of the Appeals Council must be supported by "substantial evidence." *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir.1984). Substantial evidence is relevant evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). If supported by substantial evidence, the findings of the Appeals Council are deemed conclusive and this court has no choice but to affirm the decision. 42 U.S.C. § 405(g).

The decision of the Appeals Council rested primarily upon the medical reports of

---

1. Sedentary work primarily involves sitting, with only occasional standing or walking. 20 C.F.R. §§ 404.1567(a), 416.967(a). In other words, a sedentary job would not require the individual to stand or walk more than two hours in an eight-hour workday. *See* Social Security Ruling 83–10. Such work may also entail light carrying or lifting of no more than ten pounds at a time. 20 C.F.R. §§ 404.1567(a), 416.967(a).

Dr. James Mansfield, who examined Rodriguez on several occasions. After conducting a physical capacities evaluation, Dr. Mansfield concluded that Rodriguez can sit for eight hours, stand for one hour, and walk for one hour in a typical workday. Dr. Mansfield also found that Rodriguez has the ability to lift and carry up to ten pounds continuously and up to twenty pounds occasionally. These test results, which suggest that Rodriguez can perform sedentary work, are consistent with the findings of Dr. Ronald Winters and Dr. George Kudirka. Dr. Winters also examined Rodriguez several times, and found the objective evidence of disability to be extremely minimal. Similarly, the residual functional capacity assessment conducted by Dr. Kudirka failed to reveal any major functional capacity limitations.

In support of his claim for benefits, Rodriguez relies on the affidavit of Dr. Roberto Adan. After the Appeals Council rendered its decision, Dr. Adan submitted an affidavit stating that Rodriguez cannot sit or stand for an extended period of time and that his ability to lift or carry an object weighing more than five pounds is limited. He further concluded that Rodriguez cannot not perform the "most menial or sedentary of jobs." *Affidavit of Dr. Roberto Adan*, ¶ 10. The Appeals Council fully considered the affidavit and found no basis to vacate its decision. As the Appeals Council pointed out, Dr. Adan's affidavit appears to conflict with the results of a physical capacities evaluation he previously conducted. In that evaluation, Dr. Adan indicated that during an eight-hour workday, Rodriguez can sit for four hours, stand for three hours, walk for three hours, and occasionally lift up to ten pounds at a time. Although Dr. Adan's affidavit is not entirely consistent with these findings, he did not present any objective clinical evidence or physical reports to explain his apparent change of opinion. As a consequence, the Appeals Council was free to reject the conclusions contained in Dr. Adan's affidavit, and accord greater weight to Dr. Mansfield's findings—especially since Mansfield regularly treated Rodriguez and provided detailed medical reports supporting his conclusions.

This court is not at liberty to reweigh the evidence; it is the function of the fact finder to resolve conflicts in the medical evidence. *Strunk v. Heckler*, 732 F.2d 1357, 1364 (7th Cir.1984). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987). The record in this case contains substantial evidence to support the conclusion that Rodriguez is not disabled within the meaning of the Social Security Act. Therefore, this court sees no reason to disturb the findings of the Appeals Council. The Secretary's motion for summary judgment is granted, and Rodriguez' motion is denied.

IT IS SO ORDERED.