Maurice CURTIS, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. 90 C 6051.

United States District Court, N.D. Illinois, E.D.

May 21, 1991.

Frederick J. Daley, Frederick J. Daley, Ltd., Chicago, Ill., for plaintiff.

Fred Foreman, U.S. Atty. by Linda A. Wawzenski, Asst. U.S. Atty., and Donna Morros Weinstein, Chief Counsel, Region V

by Gary A. Sultz, Asst. Regional Counsel, Dept. of Health and Human Services, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This social security action comes to the court in usual fashion as cross-motions for summary judgment. Plaintiff Maurice Curtis asks that the court review a decision by the Secretary of Health and Human Services ("Secretary") denying his application for Supplemental Security Income ("SSI"). Curtis requests that the court reverse the Secretary's decision or, in the alternative, remand the decision. The Secretary counters by requesting that its decision be affirmed. For the reasons stated below, the court chooses not to grant summary judgment for either party at this time. Instead, the court remands the action for further consideration of Curtis' application.

## FACTS

On January 18, 1989, Curtis filed an application for SSI pursuant to 42 U.S.C. §§ 1381a and 1382c(a). Curtis complained of chronic drug abuse, shortness of breath and lower back pains. He claimed that these impairments became disabling on August 15, 1987. His application was denied both initially and upon reconsideration. Curtis then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 16, 1989. Following the hearing, the ALJ found that Curtis was not entitled to SSI benefits. The ALJ based his decision on a finding that Curtis was engaged in substantial gainful activity and, therefore, not disabled. Alternatively, the ALJ found that Curtis was not disabled because he could return to his past relevant work. The Appeals Council declined to review the decision rendered by the ALJ. Curtis now seeks judicial review of the ALJ's determination.

## ANALYSIS

■ To withstand judicial review, the decision of the ALJ must be supported by substantial evidence. *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir.1984). Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ Curtis contends that the decision made by the ALJ does not have the support of substantial evidence. The ALJ made two findings in this case which must be evaluated against the substantial evidence standard. First, the ALJ found that Curtis was performing substantial gainful activity at the time he claimed a disability. The court concludes that this finding is not supported by substantial evidence.

The record contains scant evidence of continuing employment on Curtis' part. Physician progress notes received from the Brass Foundation, Curtis' treatment facility, do mention employment. (R. at 171, 173.) However, these references are vague at best. True, the word "employment" is mentioned. Yet, there is no information in the notes regarding the type of employment, the duration of employment, Curtis' ability to perform the employment, or the existence of compensation. When questioned, Curtis did shed light on the type of employment. The work apparently consisted of doing odd jobs on an irregular basis for an amount of compensation which would not constitute substantial gainful activity according to the Secretary's standards. (R. at 44.) *See* 20 C.F.R. § 416.974(b)(3)(vii). The ALJ, however, found Curtis' testimony to be incredible and did not take it into consideration.

■ Lacking direct answers, the ALJ drew his own conclusion. He found that Curtis must have been working since Curtis could not give a satisfactory answer to explain where he obtained money to support his drug habit. Evidence uncovered during Curtis' testimony, though, provides the material for an explanation. He received $154 per month in aid and $90 per month in food stamps. (R. at 40–41.) He testified that he paid for his habit by selling syringes on the street, writing bad checks, and taking money from his girl-

friend. (R. at 58–59.) Even though the ALJ found Curtis' testimony incredible, it is corroborated, in part, by the testimony of Curtis' girlfriend. (The ALJ did not find the girlfriend's testimony to be incredible.) She stated that Curtis took money he received from her and used it to buy street drugs. (R. at 55.) Based on the state of the record, then, the court cannot find that the conclusion drawn by the ALJ is supported by substantial evidence.

The ALJ may have anticipated the court's disagreement with his finding of continued substantial gainful activity since he also made an alternative finding. In his second finding, the ALJ determined that Curtis was not disabled because he could return to his past relevant work. The court finds this determination troublesome.

■ From the ALJ's opinion, the court cannot determine whether the ALJ took into consideration the nature of Curtis' drug abuse when making his finding. While the ALJ seemed aware of the existence of abuse, he did not make a finding as to the degree of abuse. The ALJ did not enter into any discussion regarding whether Curtis could control his drug habit. Although the Secretary attempts to piece together a finding from statements made by the ALJ, these statements are not sufficient. As is the case with alcohol abuse, the ALJ must specifically determine whether Curtis can control his drug use. *See Cannon v. Harris,* 651 F.2d 513, 518 (7th Cir.1981) (where there is evidence of alcohol abuse, the Secretary must inquire whether claimant has lost the ability to control its use); *Collins v. Secretary of Health and Human Services,* No. 83–9192, slip op. at 6, 1986 WL 11012 (N.D.Ill.1986) (when ALJ evaluates claimant's ability to perform past relevant work, he must inquire whether claimant has lost the ability to control his drug use); *Pharr v. Bowen,* No. 86–4886, slip op. at 2–3, 1988 WL 2789 (N.D.Ill.1988) (finding made regarding severity of drug abuse). The ALJ can then continue with an inquiry into Curtis' work capabilities.

Turning to those capabilities, the findings of a majority of the doctors involved in this case indicate that Curtis has work limitations. The findings merely differ on the degree of the limitations. This court will not second-guess the ALJ's reconciliation of the doctors' findings. However, the court does note the views of the only vocational specialist who submitted a report. He found that Curtis is limited to simple, unskilled work. And, therefore, Curtis cannot be expected to return to either of his past jobs since they require more than unskilled function. (R. at 93.)

Of greater concern to the court is the type of past relevant work in which Curtis engaged and to which the ALJ found Curtis still suited. Curtis was a pizza delivery driver. This position requires that he drive an automobile and handle money. The testimony at Curtis' hearing raises doubts about his abilities in both areas. Curtis' girlfriend testified that she budgeted and disbursed Curtis' money. (R. at 55.) She stated that Curtis often took the money she gave him for bills and instead used it to pay for his heroin habit. (R. at 59.) Further, one of the contributing factors to his loss of the pizza delivery job in the first place was job-related dishonesty. (R. at 165.) His ability to handle money is subject to question.

Curtis' ability to drive is also questionable. The other contributing factor to his loss of the pizza delivery position was his involvement in an automobile accident. Curtis told Donald Koch of the Bureau of Disability Determination Services that he was under the influence of drugs at the time of the accident. (R. at 92.) After that incident, it is unclear whether Curtis even has a driver's license. If Curtis has an uncontrollable drug addiction, his presence behind the wheel would endanger him as well as the general public. In any event, the chances that Curtis would be rehired for such a position are slim. As pointed out by the Seventh Circuit in a case where a claimant's impairment caused him to confuse the gas and brake pedals, "[n]o responsible employer would hire a person to drive ... [where] the liability implications for the employer if the employee injured someone in an accident would be stagger-

ing." *DeFrancesco v. Bowen,* 867 F.2d 1040, 1044 (7th Cir.1989).

This action, then, is remanded to the ALJ. With these concerns in mind, the ALJ is directed to determine whether Curtis' drug abuse is controllable and to develop a fuller record as to Curtis' work capabilities. The evaluation of disability analysis outlined in 20 C.F.R. § 416.920(a)–(f) should be continued and a benefits determination made accordingly.

IT IS SO ORDERED.