George W. PIPPINS, Plaintiff,

v.

John J. CALLAHAN, Acting
Commissioner of Social
Security, Defendant.

No. 96 C 5497.

United States District Court,
N.D. Illinois,
Eastern Division.

May 30, 1997.

Marcie E. Goldbloom, Frederick J. Daley, Frederick J. Daley, Ltd., Chicago, IL, for Plaintiff.

Assistant U.S. Attorney, Samuel D. Brooks, Chicago, IL, for Defendant.

### *MEMORANDUM AND ORDER*

MORAN, Senior District Judge.

Plaintiff George Pippins appeals the final decision of John J. Callahan, Acting Com-

missioner of Social Security (Commissioner), denying Pippins' application for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 423, 1382. Pippins argues that the administrative law judge who decided his case failed to fully and fairly develop the record, and as a consequence made a decision unsupported by substantial evidence. The Appeals Council compounded this error, Pippins argues, by denying review of the decision, and therefore we should reverse it and remand the case for further proceedings. As is usual in Social Security cases, we are now faced with cross motions for summary judgment pursuant to Fed.R.Civ.P. 56(a) For the reasons stated below, plaintiff's summary judgment motion is granted, and the Commissioner's is denied.

### BACKGROUND

Plaintiff was born on April 13, 1942, and attended school until the seventh grade. He worked as an operator of plating machines from 1964 to 1967, and from 1969 to 1993. From 1967 to 1969 he served honorably in the armed forces. In 1993 Pippins lost his job as a plater, apparently because the poor state of his health made it impossible for him to continue performing his duties. His claimed infirmities include liver problems, memory loss, diabetes, shortness of breath, severe body aches (particularly in the extremities), weight loss, nausea, seizures, incontinence, depression, and alcoholism.

After his discharge, plaintiff received unemployment and welfare benefits for a time, and he applied for disability benefits from the Veterans Administration and the Social Security Administration. In 1995 the VA granted Pippins a non-service-connected disability pension of $600 a month, finding that "[t]he evidence shows the veteran is unable to secure and follow a substantial gainful occupation due to disability." Plaintiff's Social Security application met a different fate, however. Both his original application and his request for reconsideration were rejected. On October 23, 1995, plaintiff had a hearing before a visiting judge from Cincinnati (ALJ). The ALJ found that plaintiff had engaged in substantial gainful activity during the period in which he claimed to be disabled,

and so he denied the application. The Appeals Council denied Pippins' request for a review of the ALJ's decision, and Pippins filed a timely complaint in the district court pursuant to 42 U.S.C. § 405(g).

The hearing before the ALJ was notable in several respects. First of all, the ALJ paid very little attention to the medical aspects of plaintiff's claim, asking him relatively few questions about his claimed infirmities. Rather, he focused primarily on plaintiff's financial situation. Pippins testified that he received approximately $630 per month in income: $600 from the VA and $30 from odd jobs he did around the neighborhood. Pippins also testified that he had some savings from his job, but that he had spent them by the time of the hearing. As for expenses, Pippins said he paid about $400 to his sister every month for rent, food, and household expenses, although this varied from month-to-month, and in some months she lent him money. He also testified that he consumed substantial amounts of alcohol, cigarettes and drugs. The ALJ found that at the height of his substance abuse, Pippins was spending $860 per month for these activities, although by the time of the hearing his substance-related expenses had dropped to $365 per month.

Throughout the hearing the ALJ took a rather condescending attitude toward the plaintiff. One example will suffice. At one point in the hearing plaintiff testified that he had last used heroin shortly after he had been discharged from the armed services. He stated several times that he had not used heroin in 20 years, but could not state the exact year in which he quit. When the ALJ tried to pin him down to a specific date, Pippins responded "I don't remember, you know." To which the ALJ responded, "Well, I might conclude you shot up this morning .... if you can't remember, I guess that's what I'd have to guess." This colloquy gives a sense of the hearing's overall tone. The ALJ made plaintiff come up with detailed estimates of the amounts and prices of the drugs and alcohol he consumed, and then used any discrepancies in those numbers, or any inability to remember them, as indication of a lack of credibility. Ultimately, the ALJ

found that plaintiff's drug and alcohol expenses, combined with the money he paid to his sister, exceeded his claimed income. Given the discrepancies in these numbers (which the ALJ made plaintiff pull from thin air), the ALJ found that plaintiff must be lying about engaging in substantial gainful activities. This finding was the sole basis for the ALJ's denial of plaintiff's claim.

### DISCUSSION

Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Renovitch v. Kaufman*, 905 F.2d 1040, 1044 (7th Cir.1990). The movant must point to those portions of the record which demonstrate the absence of any genuine issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986), and the reviewing court must draw all reasonable inferences against summary judgment. *See e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Bank Leumi Le–Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

■ Our ability to review the final decision of the Commissioner of Social Security is quite limited. We may only reverse the Commissioner's decision when it is based upon an error of law or is not supported by substantial evidence. 42 U.S.C. § 405(g); *Ehrhart v. Secretary of Health and Human Serv.*, 969 F.2d 534, 538 (7th Cir.1992); *Prince v. Sullivan*, 933 F.2d 598, 601 (7th Cir.1991); *Burnett v. Bowen*, 830 F.2d 731, 734 (7th Cir.1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It is the ALJ's duty to weigh the evidence, resolve conflicts, make independent findings of fact, and determine the case accordingly. *Id.* at 399–400, 91 S.Ct. at 1426–27. We are not permitted to decide the facts anew, re-weigh the evidence, or substitute our judgment for that of the ALJ. *Ehrhart v. Secretary of Health & Human Services*, 969 F.2d 534, 538 (7th Cir.1992).

A person is disabled within the meaning of the Social Security Act if he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Pursuant to its statutory authority, the Social Security Administration has promulgated regulations establishing a five-step sequential analysis for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920; *Sullivan v. Zebley*, 493 U.S. 521, 525, 110 S.Ct. 885, 888–89, 107 L.Ed.2d 967 (1990); *Dotson v. Shalala*, 1 F.3d 571, 574 (7th Cir.1993). The first step, and the only one relevant here, requires the ALJ to determine whether the claimant engaged in substantial gainful activity during the relevant time period. As the regulation says, "If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience." 20 C.F.R. §§ 404.1520(b), 416.920(b). There is a regulatory presumption that if the claimant earns more than $500 per month, he is engaged in substantial gainful activity. 20 C.F.R. § 404.1574(b)(2)(vii). But this presumption only applies to income gained through some sort of work activity: "We consider only the amounts you earn. We do not consider any income not directly related to your productivity when we decide whether you have done substantial gainful activity." 20 C.F.R. § 404.1574(a)(2).

■ As we have noted above, the ALJ denied plaintiff's Social Security claim solely because of his finding that plaintiff engaged in substantial gainful activity. This finding, in turn, was based solely on his conclusion that Pippins' drug and alcohol habit, combined with his other expenses, exceeded his stated income by more than $500. In short, the ALJ's decision was based on an inference: If a claimant has an expensive drug and alcohol habit, he must be engaged in substantial gainful activity to fund it. This inference is impermissible. As the Seventh Circuit has recently stated: "[S]imply because a claimant has a severe and expensive drug habit does not mean that the person is

engaging in [substantial gainful activity] to support it. The record must contain substantial evidence ... that the claimant is engaging in legal or illegal activities that are substantial and gainful." *Dotson v. Shalala,* 1 F.3d at 578; *see also Curtis v. Sullivan,* 764 F.Supp. 119 (N.D.Ill.1991).

■ It was the duty of the ALJ to develop the record fully and fairly to determine the nature and cause of any discrepancies between plaintiff's income and expenses. This he conspicuously failed to do. Indeed, when plaintiff's attorney offered to elicit testimony from plaintiff to explain the inconsistencies, the ALJ stated, "Oh, I don't care," and indicated that any attempt to explain or modify earlier testimony would be taken as indication that plaintiff was lying. This failure is more conspicuous in light of plaintiff's testimony that he had some savings from his job, and that his sister sometimes lent him money. The ALJ did not attempt to determine whether either of these sources of income might explain the discrepancy. Nor did he determine whether the volume of plaintiff's substance abuse was static, or whether it varied according to the amount of money he had in his possession. Nor did he determine how consistent plaintiff was in making rent and food payments to his sister.

In short, the ALJ's decision was based upon a single impermissible inference. It was not based on substantial evidence, and so we reverse it.

### *CONCLUSION*

For the foregoing reasons, plaintiff's motion for summary judgment is granted, and the Commissioner's motion is denied, and the Commissioner's decision is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further action.