**Ruth SCHROETER, Plaintiff–Appellant,**

v.

**Louis SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

No. 91–2925.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 20, 1992.

Decided Oct. 14, 1992.

Dorie Budlow, argued, Chicago, Ill., for plaintiff-appellant.

Thomas P. Walsh, Asst. U.S. Atty., Criminal Div., Chicago, Ill., John L. Martin, argued, Dept. of Health and Human Services, Region V, Office of the General Counsel, Chicago, Ill., for defendant-appellee.

Before CUDAHY and COFFEY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

CUDAHY, Circuit Judge.

At age sixty-one, Ruth Schroeter had survived two back surgeries, two cataract operations, three foot operations and five hernia repairs. But Schroeter's application for Supplemental Security Income was denied because an administrative law judge (ALJ) found that Schroeter was capable of returning to her former job as a waitress. A magistrate found that the ALJ's decision was not supported by substantial evidence. The district court declined to follow the magistrate's recommendation and this appeal followed. We reverse.

I.

Now sixty-four years old, Ruth Schroeter has a tenth-grade education and suffers from a variety of health problems. She last worked in 1980, as a waitress—a job at which she had worked for nearly thirty years. Schroeter complains of bad feet and recurrent hernias that limit her ability to lift, bend and reach and that keep her from standing for long periods of time.

On September 6, 1988, Schroeter filed a claim for Supplemental Security Income alleging disability due to cataracts, hernias, arthritis and back problems. The Secretary of Health and Human Services (the Secretary) denied her application, but Schroeter requested an administrative hearing. On March 17, 1989, Schroeter, represented by counsel, appeared and testified at an administrative hearing held in Chicago [1] before Administrative Law Judge Apolo Garcia. The ALJ concluded that

---

**1.** The ALJ's opinion mistakenly states that he presided over the administrative hearing in New Orleans, Louisiana.

Schroeter did indeed suffer from a variety of medical ailments but that her impairments were not disabling. On May 2, 1990, the Appeals Council upheld the finding of the ALJ, and his ruling became the final decision of the Secretary.

Schroeter then filed an appeal in district court and her case was assigned to Magistrate Judge Bobrick. After cross-motions for summary judgment, the magistrate issued his Report and Recommendation in which he found that the Secretary's determinations should be reversed because the ALJ had not properly considered all the medical evidence or the physical requirements of Schroeter's previous job as a waitress. The Secretary objected to the magistrate's recommendation, and on June 11, 1991, Judge Nordberg refused to adopt it. Judge Nordberg granted summary judgment for the Secretary on the grounds that the ALJ's decision was supported by substantial evidence.

Social Security regulations outline a five-step inquiry to be followed in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)-(f). This inquiry focuses on (1) whether the claimant is presently employed; (2) whether she has a severe impairment; (3) whether her impairment meets or equals one of the Secretary's listed impairments; (4) whether the claimant can perform her past relevant work; and (5) whether the claimant is capable of performing any work within the economy. *Garfield v. Schweiker*, 732 F.2d 605, 607 n. 2 (7th Cir.1984). The applicant must always satisfy factors one and two, but a finding of disability results if the applicant has a listed impairment *or* can do neither her previous work nor any other work. *Id.* Schroeter satisfied the first two steps but does not have a listed impairment. The ALJ determined that Schroeter could perform her past relevant work and consequently denied her benefits.

At the hearing, Schroeter testified that she stopped working as a waitress after she underwent a hernia operation in October 1980. Schroeter testified that her job as a waitress required "constant" bending and substantial reaching to take dishes off tables and to pick up orders. Schroeter testified that she had difficulty walking due to arthritis in her feet and a condition known as hammer toes.[2] She is able to perform routine housekeeping chores around her manufactured home—cleaning, washing dishes and doing laundry—although pain forces her to sit down while performing these tasks. Schroeter can walk five blocks but must rest along the way. A neighbor drives her to church every Sunday, and her children visit her and take her out.

The medical records produced at the hearing reveal that Schroeter has had a long and unfortunate series of health problems including a pinched nerve, arthritis in the feet and spine, hammer toes, bunions and recurrent hernias. The records show that in 1980 Schroeter underwent two surgeries on her back to relieve a pinched nerve. In 1985, 1986 and again in 1988, Schroeter underwent surgeries to remove bunions and repair a hammer toe condition. Despite the surgeries on her feet, however, Schroeter still experiences throbbing pain accompanied by swelling in her feet. Schroeter also complains of stomach ulcers which limit the kind and amount of medicine she can take to relieve the pain.

Dr. K.C. Chen has performed the last three of Schroeter's five hernia operations.[3] In 1985 and again in August 1987, Dr. Chen operated on Schroeter to fix hernias. In a November 24, 1987 report, Dr. Chen opined that Schroeter could resume her normal duties but was to refrain from heavy lifting. On February 1, 1989, Dr. Chen performed the last of Schroeter's hernia repairs. He subsequently reported that her prognosis was good but that there was a small chance that the hernia could recur. Dr. Chen filled out a physical capacities evaluation for Schroeter and reported that

---

**2.** Hammer toe is a condition in which the toe, usually the one next to the big toe, is so bent that it resembles a claw. *Webster's Medical Desk Dictionary* 281 (1986).

**3.** In 1975, Schroeter had her first hernia repair; she had a second in February 1984 at Cook County Hospital.

she could sit for a full eight-hour day, she could stand or walk for a total of four hours a day, but not for more than two hours at a time, and she could occasionally lift and carry six to ten pounds. In addition, Dr. Chen noted that Schroeter could occasionally bend, squat, crawl, climb and reach.

Dr. T. Bernardy reviewed the medical record on November 21, 1988 in conjunction with Schroeter's application for Supplemental Security Income. He concluded that Schroeter could stand or walk for about six hours in an eight-hour day.

Dr. John Keane treated Schroeter between June and September 1988 for a rash on her lower legs. On October 18, 1988, Dr. Keane reported that Schroeter had no limitation on her ability to stand.

Dr. Harry Lopas was the last doctor to see Schroeter. After an examination on February 13, 1989, Dr. Lopas reported that Schroeter complained of bad eyesight, arthritis in her spine and foot and abdominal pain. Dr. Lopas found that Schroeter had a normal range of motion in the spine, hips, ankles, shoulder, elbows and wrists. He also noted that Schroeter could stand and walk normally.

After considering the medical record and Schroeter's testimony, the ALJ concluded that Schroeter retained the capacity to work as a waitress because such work would not require her to lift and carry more than ten pounds—an amount that he determined to be within Schroeter's capacity. On appeal Schroeter contends that the denial of her benefits is not supported by substantial evidence. Specifically, she argues that the ALJ failed to compare the physical demands of her former work with her current capacity as reflected in medical evidence.

## II.

We will affirm the Secretary's findings if we find they are supported by substantial evidence. 42 U.S.C. § 405(g); *Scivally v. Sullivan*, 966 F.2d 1070, 1075 (7th Cir.1992); *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir.1989). Substantial evidence means "more than a mere scintilla.

It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Pitts v. Sullivan*, 923 F.2d 561, 564 (7th Cir.1991). In this case, the findings made by the ALJ stand as those of the Secretary and to survive must be supported by substantial evidence. *Walker v. Bowen*, 834 F.2d 635, 639 (7th Cir.1987). While we will not "decide the facts anew, reweigh the evidence, or substitute our own judgment for that of the Secretary," *Clark v. Sullivan*, 891 F.2d 175, 177 (7th Cir.1989) (quoting *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir.1986)), our review is "more than an uncritical rubber-stamp." *Garfield*, 732 F.2d at 610 (citation omitted). We must look at the record as a whole, considering evidence that undermines as well as supports the Secretary's decision. *Id.* at 609.

Schroeter first contends that the ALJ failed to consider the physical demands of her past work. In making a finding as to job requirements, the Secretary is to consider the testimony of claimant as well as supplemental sources of information, such as the United States Department of Labor's *Dictionary of Occupational Titles (DOT)*. Social Security Ruling 82–62, *reprinted in* 1982–83 Unempl.Ins.Rep. (CCH) ¶ 14,362 at 2499–70. Schroeter testified that her job as a waitress required her to carry and lift amounts in excess of ten pounds and that she walked, stood and bent continuously throughout the work day. The ALJ, however, found that her job did not require lifting or carrying more than ten pounds. The Secretary argues that the ALJ rejected Schroeter's hearing testimony concerning the demands of her past work because her oral description conflicted with the written disability reports she completed before the hearing. But while we must defer to an ALJ's credibility assessment of a witness (unless it is patently wrong), *Imani v. Heckler*, 797 F.2d 508, 512 (7th Cir.), *cert. denied*, 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986), we must first be certain that a credibility determination has actually

been made. *Zblewski v. Schweiker,* 732 F.2d 75, 78 (7th Cir.1984). If the ALJ disbelieved Schroeter's testimony at the hearing, he did not say so in his opinion, and we cannot "presume that the ALJ disbelieved all of this evidence without any explicit findings to that effect." *Look v. Heckler,* 775 F.2d 192, 195 (7th Cir.1985).

Nor is it clear that Schroeter's hearing testimony conflicted with her written statements. The disability reports that Schroeter filled out did not provide her with finely calibrated choices indicating the lifting and carrying requirements of her past work. The forms require that the claimant check a box indicating the heaviest weight lifted; Schroeter had a choice between checking ten pounds or twenty pounds. Given this choice, Schroeter checked ten pounds. We think it reasonable for Schroeter to have checked the box closest to the weight lifted, even though she lifted heavier amounts but not as heavy as the next highest category. Thus there was not even a clear conflict in this evidence for the administrative judge to resolve. If Schroeter's testimony stood uncontradicted, the ALJ was bound to consider it. *Walker,* 834 F.2d at 643.

Finally, we note that Schroeter's description of her work was entirely consistent with the *DOT,* which indicates that work as a waitress requires the ability to lift twenty pounds and carry ten pounds frequently, and to stand and walk for six hours a day. *DOT* 240–41 (4th ed. 1991); *see also* United States Department of Labor, *Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles* 330 (1981). We conclude that the ALJ did not accurately ascertain the requirements of Schroeter's former employment.

Schroeter also contends that the ALJ failed to consider all of the medical evidence and ignored the opinion of Dr. Chen, the physician who treated her hernias. Dr. Chen opined that Schroeter could bend and reach only occasionally and that she could stand or walk for no more than four hours a day, and not for longer than two hours at a time. The Secretary urges that Dr. Chen's report was not at odds with the findings of the ALJ because Schroeter "would be able to cope with the sitting and standing requirements of that job by alternating between sitting and walking and she would be permitted to rest during her breaks and her lunch." Appellee's Brief at 24. We find the Secretary's interpretation of Dr. Chen's report quite unpersuasive. Indeed, we can only conclude that counsel for the Secretary has never eaten in a good restaurant. It is not possible for an alert waitress to work for eight hours without spending considerably more than half the day on her feet. Unfortunately, the ALJ failed to discuss Dr. Chen's report or the fact that Dr. Chen had operated on Schroeter for recurrent hernias. We think he should have addressed this evidence. *Whitney v. Schweiker,* 695 F.2d 784, 788 (7th Cir.1982).

The Secretary argues that the ALJ's decision is supported by three pieces of substantial evidence. First, Dr. Bernardy's report in November of 1988 indicated that Schroeter could stand or walk for six hours a day and could lift up to twenty pounds. But this was not a situation where the ALJ was asked to choose between conflicting views of the same evidence, which might excuse ignoring Dr. Chen's report. Dr. Bernardy examined Schroeter before her fifth hernia operation; Dr. Chen assessed her condition after that operation. Second, the Secretary maintains that the ALJ's decision is supported by a report from Dr. Lopas, the most recent evaluation in the record, which stated that Schroeter had a full range of motion in her joints. But Dr. Lopas did not opine on her ability to stand for long periods or to lift and carry. His report could hardly support the ALJ's finding when it failed to address those conditions critical to determining Schroeter's capacity to work. Finally, the Secretary argues that the ALJ's determination is supported by Dr. Keane's report, which stated that Schroeter had no limitations on her ability to stand and walk. But the ALJ incorrectly stated that Dr. Keane treated Schroeter for hypertension, arthritis, hiatal hernia and peptic ulcer. In truth, Dr. Keane is a dermatologist, and he treat-

ed Schroeter for a rash on her legs. There is no evidence that Dr. Keane knew of—much less treated—Schroeter's foot problems or the recurrent hernias that affect her ability to stand and lift. Clearly, Dr. Keane's opinion was limited to the condition for which he was treating Schroeter and cannot be construed to support a finding that her other impairments do not affect her ability to stand. In sum, we cannot find substantial evidence to support the ALJ's finding that Schroeter could work as a waitress.

## III.

■ We conclude that the record as a whole does not support the ALJ's finding that Schroeter retained the residual functional capacity to perform her past work. The ALJ, without explanation, ignored critical evidence concerning Schroeter's health, as well as the physical requirements of her past work as a waitress.

The magistrate judge recommended that the district court grant Schroeter's motion for summary judgment and order the Secretary to provide her with benefits. Report and Recommendation at 10-11 (December 17, 1990). We do not go so far. The record does not support the ALJ's decision, but only because the ALJ ignored crucial evidence and failed to make credibility judgments. Inferences may be drawn from the evidence before the ALJ that could support a finding of no disability. On this record, we cannot say that Schroeter's motion for summary judgment should be granted. Accordingly, the judgment of the district court is REVERSED, and the case is REMANDED to the Secretary for further proceedings consistent with this opinion.