**Mart MANG, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 92 C 3366.**

United States District Court, N.D. Illinois, E.D.

Feb. 1, 1993.

George Gerard Weber, G. William Richards, Law Office of G. William Richards, Aurora, IL, for Mart Mang.

Daniel Edward May, U.S. Attys. Office, Chicago, IL, for Louis Sullivan, Secretary of Health and Human Services.

## ORDER

NORGLE, District Judge.

This matter comes before the court on review of a final decision of the Secretary of Health and Human Services, Louis W. Sullivan ("Secretary"), denying plaintiff Mart Mang's ("Mang") application for disabled wage earner benefits. Mang has filed a motion for summary judgment based on the administrative record. For reasons set forth below, the court denies the motion. The court *sua sponte* enters judgment in favor of the Secretary and affirms the Secretary's decision.

## FACTS

Mang claims he suffers from a rare medical disorder which causes him to vomit nearly on a daily basis. The record establishes that Mang has a "severe gastrointestinal problem resulting from small bowel dysmotility...." Administrative Record, at 11 (hereinafter "R. at ——"). As a result, Mang alleges he is unable to work due to these gastrointestinal problems. On February 27, 1990 Mang applied for Disability Insurance Benefits under the Social Security Act. 42 U.S.C. §§ 416(i), 423(d). His request was denied initially and on reconsideration. Upon request, a hearing was held before an ALJ and again he was denied benefits. The ALJ's decision became the final decision of the Secretary

after the Appeals Counsel denied Mang's request for a review.

The ALJ reached his decision after application of the agency's five-step analysis for evaluating disability claims. *See* 20 C.F.R. § 404.1520. The ALJ first found Mang had not engaged in substantial gainful activity since March 15, 1989, *see* 20 C.F.R. § 404.1520(b), and second that Mang had a "severe" impairment, *see id.* at § 404.-1520(c). The ALJ next determined that Mang did not have an impairment, or combination of impairments, identical to or medically equivalent to any listed in the agency regulations, *see id.* at § 404.1520(d), and that Mang's subjective complaints were not fully credible. The ALJ therefore concluded that Mang possessed the residual functional capacity to perform light work activities, *see id.* at § 404.1545, including his past relevant employment as a floor covering salesman and radio dispatcher, because this work did not require Mang to exceed the limitations set by his residual functional capacity listing. The ALJ then concluded that Mang was not under a disability as defined by the Social Security Act. 42 U.S.C. § 416(i), 423(d).

Mang claims that, because his condition is rare—there supposedly being only about 1400 reported cases worldwide—the condition does not lend itself to an analysis based on the Digestive System Listing at 20 C.F.R., Part 404, Subpt. P, Appendix 1, § 5.00. As a result, Mang argues, the ALJ should have required that a medical advisor testify at the hearing regarding the nature of this rare condition and regarding whether Mang's symptoms were consistent with his condition.

## DISCUSSION

■ The Secretary's decision will be reversed only if it is not supported by substantial evidence or if it is based on an erroneous interpretation of the law. *Scivally v. Sullivan*, 966 F.2d 1070, 1075 (7th Cir.1992); *Hayes v. Railroad Retirement Bd.*, 966 F.2d 298, 301–02 (7th Cir.1992). Substantial evidence means relevant evidence which a reasonable person might accept as adequate to support the result.

*Scivally*, 966 F.2d at 1075. The reviewing court is not authorized to make new factual determinations, reweigh evidence, or substitute its judgment for that of the Secretary. *Id.* at 1075. The court considers the entire record, including evidence that undermines as well as supports the Secretary's findings, *Schroeter v. Sullivan*, 977 F.2d 391, 394 (7th Cir.1992), but does not resolve any conflicts in medical evidence. *Hayes*, 966 F.2d at 302.

■ On the issue of whether the ALJ was required to have a medical advisor testify at the hearing, the record does not reflect whether Mang made such a request. It was Mang's burden to demonstrate at the hearing that his impairment met or exceeded the specific impairments that the Secretary's list indicates are so severe as to preclude substantial gainful activity or, if the impairment is not listed, that he was unable to perform in his former occupation. *Young v. Secretary of Health and Human Servs.*, 957 F.2d 386, 389 (7th Cir.1992). Therefore, Mang cannot complain that the ALJ's decision is unsupported by substantial evidence where he did not make a record on this point by proffering such evidence.

■ The court therefore agrees with the Secretary that the ALJ's conclusion that Mang's impairment does not rise to the level of severity required for a finding of presumptive disability is supported by substantial evidence. The ALJ found that Mang did not have an impairment "of the kind or degree of severity which would remotely approach or meet" one of the impairments listed in agency regulations. R. at 11. Thus, the ALJ found that none of the impairments listed in the regulations under the "Digestive System" category was medically equivalent to Mang's impairment. There exists no direct or indirect correspondence between Mang's underlying medical problems and the medical conditions listed in the regulations. As the Secretary points out, the disorders of the digestive system resulting in a marked impairment usually do so because of their interference with nutrition, multiple recurrent inflammatory lesions, or complications

of disease. 20 C.F.R. Part 404, Subpt. P, Appendix 1, § 5.00. These complications must be shown to persist on repeated examinations, despite therapy, in order for the ALJ to conclude that the impairment will last for a continuous period of at least twelve months. *Id.*

There was no evidence that Mang had a major disease complication of the digestive tract, and he was not malnourished despite his reports of constant nausea. R. at 122, 130, 132–33. None of the medical professionals who treated Mang determined that Mang's discomfort was at a disabling level of frequency, severity, or duration. Furthermore, there is evidence that Mang did not have an intestinal obstruction that would induce vomiting, R. at 130, and a report from the Mayo Clinic where he was examined indicates that Mang rarely vomited, R. at 122.

The ALJ concluded that Mang could perform light work and could thus return to his previous employment as a carpet salesman or radio dispatcher. The ALJ found that the carpet salesman position requires Mang to walk about three hours per day, to stand about two hours per day, and to carry carpet samples, which weigh on average up to ten pounds per sample, for a short distance. R. at 73, 83. The radio dispatcher position was found to be exclusively sedentary. R. at 74. The ALJ determined that Mang had the residual functional capacity to frequently lift up to, but not more than, ten pounds at a time, and occasionally lift up to, but no more than, twenty pounds. R. at 96. The ALJ determined that Mang could not walk or stand more than six hours in an eight-hour workday. *Id.* The evidence showed that Mang was able to stand, move about, and carry various objects. R. at 130. Another examining physician noted that Mang appeared healthy and in good physical shape. R. at 133. Mang had normal bowel movements, R. at 130, 132, and a normal abdomen, R. at 106, 130, 132–33, 136. Mang's daily routine involved domestic chores like lawn mowing, and reading and watching television up to five hours per day. R. at 50, 81. These activities additionally support a finding that Mang could perform light work. *See*

*Orlando v. Heckler,* 776 F.2d 209, 215 (7th Cir.1985) (claimant whose daily activities included normal household chores and watching television could perform light work); *cf. Reynolds v. Bowen,* 844 F.2d 451, 455 (7th Cir.1988) (claimant who watched five to six hours of television per day, helped with household chores, and on occasion operated a lawnmower, possessed the ability to perform sedentary work).

In finding that Mang was able to perform his former occupation, the ALJ also made a credibility determination. Based on his observation of Mang during the hearing, and on the reported medical findings, the ALJ charged that Mang exaggerated his symptoms and the extent of his functional loss. R. at 16. The ALJ found that the medical evidence did not support Mang's subjective claims. R. at 16. The grounds for the ALJ's finding that Mang was not entirely worthy of belief are well articulated. Accordingly, the ALJ's credibility findings are given considerable weight. *Cheshier v. Bowen,* 831 F.2d 687, 690 (7th Cir.1987).

The Secretary did not file a motion for summary judgment as is usual in cases requesting a review of a decision of the Secretary. Yet the court's finding that the Secretary's decision is supported by substantial evidence entitles the Secretary to judgment as a matter of law. There is simply nothing left to do in the case. This court has determined that in appropriate circumstances a district court possesses the power to move for and grant summary judgment on its own initiative. *See Dayton Elec. Mfg. Co. v. APCOM, Inc.,* 782 F.Supp. 389, 394 (N.D.Ill.1992). In the present circumstances, the court finds it suitable to "cut through ... procedural niceties" in order to achieve the same decision it would make if the Secretary had filed a cross-motion for summary judgment. *Coach Leatherware Co. v. AnnTaylor, Inc.,* 933 F.2d 162, 167 (2d Cir.1991). Judicial economy compels the court to forego the need to grant the Secretary leave to file a motion for summary judgment, thus further stalling the case and generating more legal fees, as the court has already

determined that there are no genuine issues of fact remaining. Mang has had ample notice and ample opportunity for response. *See Dayton Elec.*, 782 F.Supp. at 395 ("The [movant] asked this court to decide the case as a whole. When the court does just that, the [movant] cannot claim unfair surprise"). Accordingly, the court *sua sponte* enters judgment in favor of the Secretary and affirms the decision to deny Mang benefits. The ALJ considered all of the relevant medical evidence of record and the decision to deny benefits is supported by substantial evidence.

## CONCLUSION

For the reasons stated above, Mang's motion for summary judgment is denied. The decision of the Secretary is affirmed. Judgment is entered in favor of the Secretary accordingly.

IT IS SO ORDERED.