16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Mart MANG, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-1743.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 10, 1993.
Decided Feb. 18, 1994.
 
 Before CUMMINGS, FRIEDMAN*, and CUDAHY, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff's complaint alleged that his claim for Disability Benefits ("DIB") under the Social Security Act was wrongfully denied and requested the district court either to order the defendant Secretary of Health and Human Services to pay such benefits or to remand the case "for a fair hearing." The district court denied plaintiff's motion for summary judgment and sua sponte affirmed the decision of the Secretary.
 
 
 2
 According to the decision of the Administrative Law Judge ("ALJ"), plaintiff alleged an inability to work beginning March 15, 1989, primarily because of constant nausea. After holding a hearing, the ALJ determined that plaintiff had a severe impairment (20 C.F.R. Sec. 404.1520(c)), specifically a small bowel dysmotility syndrome causing nausea and sometimes vomiting. The ALJ noted that this impairment was not found in the listing of impairments in the applicable regulations. He held that the credible medical record revealed that plaintiff had the residual functional capacity to perform light activity and therefore could return to his past employment as either a floor-covering salesman or a radio dispatcher.
 
 
 3
 At the administrative hearing, plaintiff testified that his small bowel dysmotility was partially due to a chemical imbalance; that he suffered from constant nausea and that he sometimes vomited after eating, when his nausea intensified; and that he took no medication for his condition, apparently because it was useless to do so.
 
 
 4
 The medical evidence established that plaintiff was diagnosed in 1989 as having small bowel dysmotility syndrome and that medication did not relieve his nausea. However, in March 1990 treating physician Dr. S.E. Tureff stated that despite his ailment, plaintiff continued to be able to stand, move about and carry unspecified weights. In August 1990 Dr. C.J. Wonais, a consulting physician, examined plaintiff for the Illinois Bureau of Disability Determination Services and reported that plaintiff still took no medicine and continued to experience constant nausea but his lower abdomen was non-tender, his weight remained stable, his appetite was not impaired, his gait was normal and he neither used nor needed an ambulatory aid. Dr. Wonais added that plaintiff appeared healthy, in good physical shape, and not malnourished.
 
 
 5
 Pursuant to Polaski v. Heckler, 739 F.2d 1320, 1321-1322, 751 F.2d 943, 948 (8th Cir.1984), the ALJ observed the criteria set forth therein for evaluating the credibility of subjective complaints, noting that they closely resembled the criteria in Social Security Ruling 88-13. Thus he gave full consideration to all of the evidence presented with respect to plaintiff's subjective complaints and not merely to the absence of direct supporting medical evidence.
 
 
 6
 The ALJ summarized the findings of Drs. Tureff and Wonais as showing that plaintiff's "pain and discomfort were not of a disabling level or frequency, severity and duration" (A.R. 16). He added that plaintiff's daily activities refuted the presence of severe intractable pain and found that plaintiff was "not entirely worthy of belief" (A.R. 16). The ALJ noted that despite his claims of nausea plaintiff was "very healthy looking, slightly overweight and very tanned" (A.R. 13-14). Therefore he concluded that plaintiff retained the residual functional capacity to engage in light work activity on a continuing basis, such as his past work as a floor-covering salesman and radio dispatcher, so that he was not under a "disability" as defined in the Social Security Act.
 
 
 7
 Plaintiff appealed this determination to the district court and in February 1993, the district judge denied plaintiff's motion for summary judgment and simultaneously entered judgment in favor of the Secretary. For the reasons given in the attached order, the district court's decision is affirmed.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF ILLINOIS
 EASTERN DIVISION
 
 8
 Mart Mang, Plaintiff,
 
 
 9
 v.
 
 
 10
 Louis W. Sullivan, M.D., Secretary of Health and Human
 
 
 11
 Services, Defendant.
 
 No. 92 C 3366
 
 12
 Feb. 2, 1993.
 
 ORDER
 
 13
 This matter comes before the court on review of a final decision of the Secretary of Health and Human Services, Louis W. Sullivan ("Secretary"), denying plaintiff Mart Mang's ("Mang") application for diabled wage earner benefits. Mang has filed a motion for summary judgment based on the administrative record. For reasons set forth below, the court denies the motion. The court sua sponte enters judgment in favor of the Secretary and affirms the Secretary's decision.
 
 FACTS
 
 14
 Mang claims he suffers from a rare medical disorder which causes him to vomit nearly on a daily basis. The record establishes that Mang has a "severe gastrointestina problem resulting from small bowel dysmotility...." Administrative Record, at 11 (hereinafter "R. at ____"). As a result, Mang alleges he is unable to work due to these gastointestinal problems. On February 27, 1990 Mang applied for Disability Insurance Benefits under the Social Security Act. 42 U.S.C. Secs. 416(i), 423(d). His request was denied initially and on reconsideration. Upon request, a hearing was held before an ALJ and again he was denied benefits. The ALJ's decision became the final decision of the Secretary after the Appeals Counsel denied Mang's request for a review.
 
 
 15
 The ALJ reached his decision after application of the agency's five-step analysis for evaluating disability claims. See 20 C.F.R. Sec. 404.1520. The ALJ first found Mang had not engaged in substantial gainful activity since March 15, 1989, see 20 C.F.R. Sec. 404.1520(b), and second that Mang had a "severe" impairment, see id. at Sec. 404.1520(c). The ALJ next determined that Mang did not have an impairment, or combination of impairments, identical to or medically equivalent to any listed in the agency regulations, see id. at Sec. 404.1520(d), and that Mang's subjective complaints were not fully credible. The ALJ therefore concluded that Mang possessed the residual functional capacity to perform light work activities, see id. at Sec. 404.1545, including his past relevant employment as a floor covering salesman and radio dispatcher, because this work did not require Mang to exceed the limitations set by his residual functional capacity listing. The ALJ then concluded that Mang was not under a disability as defined by the Social Security Act. 42 U.S.C. Sec. 416(i), 423(d).
 
 
 16
 Mang claims that, because his condition is rare--there supposedly being only about 1400 reported cases worldwide--the condition does not lend itself to an analysis based on the Digestive System Listing at 20 C.F.R., Part 404, Subpt. P, Appendix 1, Sec. 5.00. As a result, Mang argues, the ALJ should have required that a medical advisor testify at the hearing regarding the nature of this rare condition and regarding whether Mang's symptoms were consistent with his condition.
 
 DISCUSSION
 
 17
 The Secretary's decision will be reversed only if it is not supported by substantial evidence or if it is based on an erroneous interpretation of the law. Scivally v. Sullivan, 966 F.2d 1070, 1075 (7th Cir.1992); Hayes v. Railroad Retirement Bd., 966 F.2d 298, 301-02 (7th Cir.1992). Substantial evidence means relevant evidence which a reasonable person might accept as adequate to support the result. Scivally, 966 F.2d at 1075. The reviewing court is not authorized to make new factual determinations, reweigh evidence, or substitute its judgment for that of the Secretary. Id. at 1075. The court considers the entire record, including evidence that undermines as well as supports the Secretary's findings, Schroeter v. Sullivan, 977 F.2d 391, 394 (7th Cir.1992), but does not resolve any conflicts in medical evidence. Hayes, 966 F.2d at 302.
 
 
 18
 On the issue of whether the ALJ was required to have a medical advisor testify at the hearing, the record does not reflect whether Mang made such a request. It was Mang's burden to demonstrate at the hearing that his impairment met or exceeded the specific impairments that the Secretary's list indicates are so severe as to preclude substantial gainful activity or, if the impairment is not listed, that he was unable to perform in his former occupation. Young v. Secretary of Health and Human Servs., 957 F.2d 386, 389 (7th Cir.1992). Therefore, Mang cannot complain that the ALJ's decision is unsupported by substantial evidence where he did not make a record on this point by proferring such evidence.
 
 
 19
 The court therefore agrees with the Secretary that the ALJ's conclusion that Mang's impairment does not rise to the level of severity required for a finding of presumptive disability is supported by substantial evidence. The ALJ found that Mang did not have an impairment "of the kind or degree of severity which would remotely approach or meet" one of the impairments listed in agency regulations. R. at 11. Thus, the ALJ found that none of the impairments listed in the regulations under the "Digestive System" category was medically equivalent to Mang's impairment. There exists no direct or indirect correspondence between Mang's underlying medical problems and the medical conditions listed in the regulations. As the Secretary points out, the disorders of the digestive system resulting in a marked impairment usually do so because of their interference with nutrition, multiple recurrent inflammatory lesions, or complications of disease. 20 C.F.R. Part 404, Subpt. P, Appendix 1, Sec. 5.00. These complications must be shown to persist on repeated examinations, despite therapy, in order for the ALJ to conclude that the impairment will last for a continuous period of at least twelve months. Id.
 
 
 20
 There was no evidence that Mang had a major disease complication of the digestive tract, and he was not malnourished despite his reports of constant nausea. R. at 122, 130, 132-33. None of the medical professionals who treated Mang determined that Mang's discomfort was at a disabling level of frequency, severity, or duration. Furthermore, there is evidence that Mang did not have an intestinal obstruction that would induce vomiting, R. at 130, and a report from the Mayo Clinic where he was examined indicates that Mang rarely vomited, R. at 122.
 
 
 21
 The ALJ concluded that Mang could perform light work and could thus return to his previous employment as a carpet salesman or radio dispatcher. The ALJ found that the carpet salesman position requires Mang to walk about three hours per day, to stand about two hours per day, and to carry carpet samples, which weigh on average up to ten pounds per sample, for a short distance. R. at 73, 83. The radio dispatcher position was found to be exclusively sedentary. R. at 74. The ALJ determined that Mang had the residual functional capacity to frequently lift up to, but not more than, ten pounds at a time, and occasionally lift up to, but no more than, twenty pounds. R. at 96. The ALJ determined that Mang could not walk or stand more than six hours in an eight-hour workday. Id. The evidence showed that Mang was able to stand, move about, and carry various objects. R. at 130. Another examining physician noted that Mang appeared healthy and in good physical shape. R. at 133. Mang had normal bowel movements, R. at 130, 132, and a normal abdomen, R. at 106, 130, 132-33, 136. Mang's daily routine involved domestic chores like lawn mowing, and reading and watching television up to five hours per day. R. at 50, 81. These activities additionally support a finding that Mang could perform light work. See Orlando v. Heckler, 776 F.2d 209, 215 (7th Cir.1985) (claimant whose daily activities included normal household chores and watching television could perform light work); cf. Reynolds v. Bowen, 844 F.2d 451, 455 (7th Cir.1988) (claimant who watched five to six hours of television per day, helped with household chores, and on occasion operated a lawnmower, possessed the ability to perform sedentary work).
 
 
 22
 In finding that Mang was able to perform his former occupation, the ALJ also made a credibility determination. Based on his observation of Mang during the hearing, and on the reported medical findings, the ALJ charged that Mang exaggerated his symptoms and the extent of his functional loss. R. at 16. The ALJ found that the medical evidence did not support Mang's subjective claims. R. at 16. The grounds for the ALJ's finding that Mang was not entirely worthy of belief are well articulated. Accordingly, the ALJ's credibility findings are given considerable weight. Cheshier v. Bowen, 831 F.2d 687, 690 (7th Cir.1987).
 
 
 23
 The Secretary did not file a motion for summary judgment as is usual in cases requesting a review of a decision of the Secretary. Yet the court's finding that the Secretary's decision is supported by substantial evidence entitles the Secretary to judgment as a matter of law. There is simply nothing left to do in the case. This court has determined that in appropriate circumstances a district court possesses the power to move for and grant summary judgment on its own initiative. See Dayton Elec. Mfg. Co. v. APCOM, Inc., 782 F.Supp. 389, 394 (N.D.Ill.1992). In the present circumstances, the court finds it suitable to "cut through ... procedural niceties" in order to achieve the same decision it would make if the Secretary had filed a cross-motion for summary judgment. Coach Leatherware Co. v. AnnTaylor, Inc., 933 F.2d 162, 167 (2d Cir.1991). Judicial economy compels the court to forego the need to grant the Secretary leave to file a motion for summary judgment, thus further stalling the case and generating more legal fees, as the court has already determined that there are no genuine issues of fact remaining. Mang has had ample notice and ample opportunity for response. See Dayton Elec., 782 F.Supp. at 395 ("The [movant] asked this court to decide the case as a whole. When the court does just that, the [movant] cannot claim unfair surprise"). Accordingly, the court sua sponte enters judgment in favor of the Secretary and affirms the decision to deny Mang benefits. The ALJ considered all of the relevant medical evidence of record and the decision to deny benefits is supported by substantial evidence.
 
 CONCLUSION
 
 24
 For the reasons stated above, Mang's motion for summary judgment is denied. The decision of the Secretary is affirmed. Judgment is entered in favor of the Secretary accordingly.
 
 
 25
 IT IS SO ORDERED.
 
 
 26
 ------------/s/ Charles R. Norgle
 
 
 27
 ------------CHARLES RONALD NORGLE, SR., Judge
 
 
 28
 ------------United States District Court
 
 DATED: 2/1/93
 
 
 *
 The Honorable Daniel M. Friedman of the United States Court of Appeals for the Federal Circuit is sitting by designation